### BROOKLYN ASH REMOVAL CO., Inc., v. CONNELL.

(Supreme Court, Appellate Division, Second Department. May 12, 1916.)

1. REPLEVIN �köö8(3)—BASIS OF ACTION—RIGHT OF CONTROL.
    Plaintiff, right of which under its charter party to use a scow did not amount to complete control and possession, because the owner kept her master on board, could not replevy such scow from the owner, since re-

plevin not only requires possession as a basis of the action, but an exclusive right to possession and control of the property.

[Ed. Note.—For other cases, see Replevin, Cent. Dig. §§ 48–51, 53, 54; Dec. Dig. ⊙⇒8(3).]

2. PLEADING ⊙⇒362(2)—STRIKING ANSWER—ARGUMENTATIVE MATTER.

In replevin of a scow against its owner, where a paragraph of the answer contained a material averment that defendant had furnished and placed in charge of the boat a captain, who remained on the vessel, though also containing argumentative matter as to the legal effect of the captain's presence, the paragraph could not be stricken.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1148–1151; Dec. Dig. ⊙⇒362(2).]

Appeal from Special Term, Kings County.

Action by the Brooklyn Ash Removal Company, Incorporated, against Ellen T. Connell. From an order denying plaintiff's motion to strike out portions of the answer, and for judgment on the pleadings, it appeals. Order affirmed.

Argued before JENKS, P. J., and CARR, STAPLETON, RICH, and PUTNAM, JJ.

Franklin Grady, of New York City, for appellant.

Nelson Zabriskie, of New York City, for respondent.

PUTNAM, J. Under this charter party plaintiff's right to use the scow did not amount to complete control, dominion, and possession, because defendant kept her master on board. He was not merely there to take orders from the charterer, but for the purpose of care of the property and to relieve the charterer from responsibility. The master's agency was set forth with unusual particularity in the owner's agreement:

"We will furnish a captain for each scow at our own expense, who will be under your control and orders, but you are not to be responsible for the acts of any captain in the care, movement, or navigation of said scows, and we will save you harmless, and defend you from any claims, actions, or suits arising therefrom."

[1, 2] Replevin, however, not only requires possession, but an exclusive right to possess and control the property. Rogers v. Arnold, 12 Wend. 30. Paragraph 4 of the answer (which plaintiff moved to have struck out as sham, frivolous, and irrelevant) has the material averment that defendant had so "furnished and placed in charge of said boat a captain who remained on said vessel." While this is accompanied with argumentative matter as to the legal effect of the captain's presence, the paragraph is not for that reason to be stricken out. Town of Essex v. N. Y. & Canada R. R. Co., 8 Hun, 361. Obviously, too, on such pleadings, plaintiff should not have judgment.

The order appealed from is therefore affirmed, with $10 costs and disbursements. All concur.

⊙⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.