BROOKLYN ASH REMOVAL COMPANY, INC., Appellant, v. ELLEN T. CONNELL, Respondent.

Second Department, November 24, 1916.

Replevin — ownership of scow — contract for charter of scow vesting possession in owner — judgment on pleadings.

Where an owner of scows by a contract of hiring agreed to furnish a captain for each scow at her expense and to be liable for his acts "in the care, movement or navigation of said scows," her representative was vested with such actual possession and custody of the scow as to prevent a replevy by the charterer, and in an action for replevin she was entitled to a judgment on the pleadings.

Such judgment, however, determines possession in the replevin action only and cannot settle a prior question as the sufficiency of the owner's grounds for withdrawing the scow from the charter employment.

APPEAL by the plaintiff, Brooklyn Ash Removal Company, Inc., from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 3d day of June, 1916, granting defendant's motion for judgment on the pleadings under sections 547 and 976 of the Code of Civil Procedure.

The pleadings consist of a complaint and answer.

*Franklin Grady*, for the appellant.

*Nelson Zabriskie*, for the respondent.

PUTNAM, J.:

By this contract of hiring defendant was to furnish a captain for each scow at her expense, agreeing to be liable for his acts

" in the care, movement or navigation of said scows." This we have held vested defendant's representative with such actual possession and custody of the scow as to prevent a replevy by the plaintiff, since a sheriff's seizure necessarily would displace the care and custody of defendant's captain. (173 App. Div. 5.)

Defendant thereafter moved for judgment on the pleadings, which was granted, and plaintiff appeals from this order for judgment.

The order thus appealed from directed judgment for defendant to be entered, and further adjudged that defendant have possession of the scow *Nellie T.*

Plaintiff urges that we reconsider our former holding in view of the subsequent admiralty decision between these parties. (*The Nellie T.*, 235 Fed. Rep. 117.) That, however, reversed a dismissal of an admiralty libel for possession of this scow.

The Circuit Court of Appeals held generally that such a possessory libel by a charterer would lie. But the terms of the hiring, and in particular this condition that the owner's captain should be in charge, was not set forth in that libel. Therefore, its determination did not touch the point passed upon by us. Furthermore, a possessory admiralty suit is not limited by the strict conditions of the remedy by replevin. The essence of replevin is the right to hold and possess, which plaintiff could not do, in face of this agreement that the chattel it hired should continue in the care of defendant's representative.

Plaintiff urges that, although this representative is termed " captain," he is merely a caretaker, without responsible control. But the conditions of this charter emphasize the contrary. His duties as captain are to be real, active, and such as involve his principal in liability. Plaintiff for that reason has required the owner's special agreement to remain responsible for him in his duties, and even to hold plaintiff " harmless  *  *  * from any claims, actions, or suits arising therefrom." And it is this condition which distinguishes this charter from the instances cited of hired scows, barges, canal boats or lighters, where the silence of the contract leaves it to be inferred that the scowman or boatman is a mere servant, loaned during the demise to the charterer, and under his full control. Questions,

also, between owner and charterer as to liability to, or rights against, third persons afford no analogy. The charterer, being primarily the party liable, is said, for the purposes of the affreightment, to have possession. But such possession, good enough to carry out the charterer's contracts or to maintain rights as against outsiders, is no possession *quoad* the real owner.

Plaintiff has mistaken its remedy. A cab hired by the day, with a driver furnished subject to the hirer's directions, is still in the owner's possession. Consequently, if, in the afternoon, the cab did not come back for service, the customer may sue for damages but cannot replevy the vehicle. What apparently plaintiff really seeks is to get the scow so as to compel performance. Replevin does not afford it such redress.

Appellant questions the terms of the order directing that defendant be adjudged possession. But the mandate to the sheriff was to take from defendant this possession. In reclaiming this chattel defendant's undertaking under the Code of Civil Procedure, section 1704, is conditioned upon the delivery of such possession being adjudged. Hence, a judgment in replevin awards possession. (Bradbury's Lansing's Forms, 1225; 2 Abb. Pr. & F. No. 1889.) Although this result came by motion upon the pleadings, it is still a judgment which determines possession in this action, but only in this action. It cannot settle the prior question of the sufficiency of the owner's grounds to withdraw the scow from the chartered employment. Hence this order, and the judgment by it directed, should be modified to read: " adjudging as against plaintiff in replevin that defendant have and retain possession of the personal property described in the complaint herein, to wit, the scow ' Nellie T.; ' which judgment, however, is passed without determining defendant's right to withdraw such scow from the chartered employment."

As thus modified the order should be affirmed, without costs.

Jenks, P. J., Carr, Mills and Rich, JJ., concurred.

Order modified in accordance with opinion, and as modified affirmed, without costs.