Max Wolman, Trading as Chicago Legal Loan Company, Appellant, v. Joseph Raphael and Beach Garage Company. Beach Garage Company, Appellee.

**Gen. No. 37,597.**

Opinion filed December 24, 1934.

Jacob Kosbie, of Chicago, for appellant.

Guy C. Baltz, of Chicago, for appellee.

Mr. Presiding Justice O'Connor delivered the opinion of the court.

Defendant, Joseph Raphael, who was not served in this case, owned an automobile and on December 26, 1933, executed a chattel mortgage to plaintiff to secure a loan of $234. Raphael defaulted in making payment of an instalment on the $234 and plaintiff brought an action of replevin to recover possession of the automobile which was then in the garage of the defendant Beach Garage Company, a corporation. The automobile was taken on the writ by the bailiff of the municipal court and delivered to plaintiff. The garage company claimed it had a lien on the automobile for $183.90, $149 of which was for storage at $15 a month, and the remaining $34.90 for material and repairs. There was a trial before the court without a jury; the court found plaintiff was entitled to retain the automobile but subject to the garage company's lien of $183.90, and the judgment was that plaintiff pay the garage company within 20 days or the property would be returned to it. Plaintiff appeals from this judgment, claiming the garage company was not entitled to a lien as against him.

There is no dispute as to the facts in the case, and in brief compass they are that plaintiff, under the name of Chicago Legal Loan Company, was engaged in the business of making loans of $300 or less at the rate of 3½ per cent per month, pursuant to a license issued in accordance with the provisions of the Act of

1917, ch. 74, p. 1703, Cahill's 1933 Statutes; that December 26, 1933, he lent Joseph Raphael $234 and to evidence this Raphael executed his promissory note for that amount, payable in monthly instalments of $20 each, the first instalment being due and payable January 26, 1934; to secure the payment Raphael executed his chattel mortgage conveying the automobile in question. The mortgage was recorded in the recorder's office of Cook county December 30, 1933. No part of the indebtedness was paid and February 26, 1934, plaintiff brought replevin to obtain possession of the automobile. The evidence further shows that Raphael had kept this automobile in the Beach company's garage for a period of about three years prior to the replevin suit; that he was to pay $15 a month at the end of each month; that he made all these payments until March 1, 1933, and from that time on he failed to make the payments of $15 a month; that from April 9, 1933, until December 20, 1933, the garage company, at Raphael's request, furnished material and labor on the car at a reasonable charge of $34.90; that from the time the car was put in the garage Raphael used it daily until about the first of February, 1934, when the garage company refused to let him take it out of the garage until he paid it what he owed.

The defendant claims a lien by virtue of the provisions of sections 1 and 2 of an act of the legislature passed July 1, 1921, entitled, "AN ACT *for the better protection of any person, firm or corporation expending labor, skill or materials upon, or furnishing storage for, any chattel, creating a lien upon such chattel, and providing for the enforcement of such lien.*" (Pars. 45 and 46, p. 1775, Cahill's 1933 Statutes.) Sec. 1 of the Act provides that, "Every person, firm or corporation who has expended labor, skill or materials upon any chattel, or has furnished storage for said chattel, at the request of its owner, reputed owner,

or authorized agent of the owner, or lawful possessor thereof, shall have a lien upon such chattel beginning on the date of the commencement of such expenditure of labor, skill and materials or of such storage . . . for a period of one year from and after the completion of such expenditure of labor, skill or materials, or of such storage, notwithstanding the fact that the possession of such chattel has been surrendered to the owner, or lawful possessor thereof.''

Sec. 2. ''Such lien shall cease at the expiration of sixty (60) days from the date of delivery of such chattel to the owner thereof, or his duly authorized agent, unless the lien claimant shall within said sixty (60) days, file in the office of the recorder of deeds of the county in which said labor, skill and materials were expended on such chattel, or storage furnished for such chattel, a lien notice.'' Then follows a provision as to the contents of such notice.

Plaintiff contends that the word ''storage'' as used in the two sections above quoted from, should not be construed to cover the charge of $15 a month made by the garage company since the owner of the car was permitted to take the car from the garage daily. This contention is hypercritical and cannot be sustained. We think the legislature intended to give one who conducts a garage a lien on an automobile kept in the garage for the charges made, whether the automobile was kept for a stated time or was taken out daily by the owner.

Plaintiff further contends that the garage company lost its right of lien because it failed to file notice of its claim within 60 days, as provided by section 2 of the Act. We think this contention is of no importance here because the first item claimed by the garage company against Raphael was due March 1, 1933, less than one year before the beginning of replevin and the automobile was in the possession of the garage company. The statute gives a lien upon the chattel for a period

of one year "from and after the completion of such expenditure of labor, skill or materials, or of such storage, notwithstanding the fact that the possession of such chattel has been surrendered to the owner," provided the notice for lien is filed within 60 days after the chattel is delivered to its owner, but we think no notice need be given where the chattel is in the possession of the garage company.

These provisions of the statute giving garage keepers and repairmen a lien for services or supplies do not apply where the owner is permitted to take the automobile away and mortgage it to an innocent purchaser for value without notice. *Lanterman v. Luby,* 96 N. J. L. 255. In that case, in speaking of the word "lien" as used in the Garage Keepers' Lien Act of that State, it is said (p. 257): "In its pure legal sense it 'implies one is in possession of property of another, and that he detains it as security for some demand which he has in respect to it. A lien, therefore, implies, first, possession by the creditor; second, title in the debtor, and third, a debt arising out of the specific property.' . . . A lien differs from a mortgage, in that a mortgage is a transfer of title as security . . . whereas a lien confers no title; it differs from a pledge, in that a pledge is a transfer of possession as security, whereas in the case of the lien the transfer of possession is not for the purpose of security, but in order that the service may be rendered to the chattel in question, and the lien arises from the rendering of that service if such service be not paid for. It is essentially a right to detain. . . .

"Where, however . . . the parties themselves agree with each other that the owner may take the chattel away from the possession or control of the lien claimant, and that the lien shall nevertheless continue, such agreement, as against the owner, who was a party to it, will be good; but it will not be binding against a subsequent innocent purchaser for value with-

out notice." And continuing the court said (p. 259):
"Secret liens upon chattels are an obstruction and
a menace to trade and as such are against the
policy of the law. They attempt to contradict and to
destroy the universally accepted and natural as well
as legal badge of ownership of chattels, which is pos-
session. The law is most jealous in its protection of
an innocent purchaser of a chattel for value without
notice, who has relied upon possession as the badge of
ownership. If the property has been stolen, his title
may be bad, but, short of that, if he has looked for
liens or incumbrances where the law has told him to
look, as, for instance, for chattel mortgages in the
record where they are required to be recorded, and he
finds none, he is entitled to rely upon what the posses-
sion tells him." In that case the court held that where
a garage keeper permitted an automobile for which he
had furnished services and supplies at his garage to
be taken away by the owner without receiving pay-
ment, and while away from the garage the owner sells
it to an innocent purchaser for value without notice,
the right to a lien was gone. To the same effect is
*Huie v. Soo Hoo,* 132 Cal. App. 787.

In the instant case the record discloses that the auto-
mobile was taken out of the garage every day and re-
turned at night, and it must be presumed on this rec-
ord that the automobile was out of the garage at the
time of the execution of the chattel mortgage to plain-
tiff; therefore plaintiff was an innocent purchaser for
value without notice, and the defendant garage com-
pany had no right to claim a lien on the automobile as
against plaintiff's chattel mortgage.

The judgment of the municipal court of Chicago is
reversed and the cause remanded with directions to
enter a judgment in favor of plaintiff in accordance
with what we have said in this opinion.

*Reversed and remanded with directions.*

McSurely and Matchett, JJ., concur.