Consumers Petroleum Company, Appellant, v. J. R. Flagler, Trading as Chicago Oil Equipment Company, and Chicago Oil Equipment Company, Appellees.

Gen. No. 41,547.

Opinion filed April 28, 1941.

HERSHENSON & HERSHENSON and JAMES B. McKEON, both of Chicago, for appellant.

VICTOR L. LEWIS and JOHN L. DAVIDSON, Jr., both of Chicago, for appellee J. R. FLAGLER.

MR. JUSTICE McSURELY delivered the opinion of the court.

Plaintiff brought an action in replevin to recover possession of a motor truck, called truck No. 29; upon trial by the court the finding and judgment was for defendants; that they had a lien on the truck for $520.92 on account of skill, labor and materials expended. It was adjudged that defendants were entitled to retain the property in question, and from this judgment plaintiff appeals.

The briefs tend to confuse the main question by arguing immaterial matters, namely, whether the repairs were properly made. Plaintiff is the owner of trucks and defendants are in the business of repairing or manufacturing truck tanks. The parties entered into agreement for defendants to make certain repairs on two old truck tanks on trucks described as No. 25 and No. 29. The latter truck is the subject matter of this replevin suit.

Truck No. 26 was the subject of a special written contract by which defendants agreed to build a new tank and equipment to be installed on a new chassis furnished by plaintiff, for $1,225. The building of the new truck (No. 26) was finished and turned over to plaintiff in February, 1940; at this time there was a balance due on this contract of $175. Defendants finished the repairs and changes on trucks 25 and 29, and truck 25 was delivered to plaintiff. Defendants had made an estimate of the costs of the change-over of the tanks and the equipment on trucks 25 and 29 at $330 or $340, and if any further parts were neces-

sary these would be extra. Truck 29 was first taken out of defendants' shop for temporary use by plaintiff about the middle of December before the work on it was completed. This was done two or three times afterward. The last time it was returned to defendants' shop was in March, 1940, when it was returned for the purpose of finishing the job which had never been completed. Also at this time a new pump was installed at plaintiff's request.

After the work on truck 29 was completed defendant Flagler talked to Mr. Schurman, plaintiff's president, with reference to receiving payment for his work and was told that if the bills would be sent they would be paid. There was no complaint about the work done by defendants. Thereupon a statement was delivered to Mr. Schurman which showed there was a balance due on the new truck tank and equipment of $175, and on the changes on trucks 25 and 29 of $520.92. Schurman then had a check drawn to the order of defendants for $175 and gave it to an employee to give to defendants. There is some conflict in the evidence on this point, but defendant Flagler testified no instructions were given him as to which account this payment of $175 should be applied and that he naturally supposed it was to pay the balance due for truck No. 26, and applied it in payment of that account.

The trial court was of the opinion defendants had a right to apply the money in this way. *Royal Colliery Co. v. Alwart Bros. Coal Co.*, 276 Ill. 193; *Wellman v. Miner*, 179 Ill. 326; *Thayer v. Bolender*, 250 Ill. App. 16.

Upon the trial plaintiff made a tender of $77.40 upon the theory that this amount, with the check for $175, paid defendants in full for all of the work done on truck 29. But, as we have seen, this tender was insufficient as it did not pay to defendants the amount plaintiff owed them for work done on trucks 25 and

29. It does not seem to be questioned that plaintiff owed defendants for the work on trucks 25 and 29 the sum found due by the court—$520.92.

Plaintiff raises the question as to whether defendants were entitled to a lien on truck 29 for an amount due for work done on the two trucks, 25 and 29. Defendant Flagler testified he did not make any detailed price on each of the trucks but one price for all of the work on both trucks. Under such circumstances there is abundant authority for holding that the lienor may retain the property in his possession for the whole amount due under the contract. 37 C. J. 337. The facts under consideration in *Hare's Motors, Inc. v. Fred Roeder Mfg. Co.*, 207 App. Div. 670, 202 N. Y. S. 830 (affirmed 238 N. Y. 590), are much like those now before us. There the defendant undertook the construction of 10 truck bodies to be mounted on chassis supplied by plaintiff; when the work on eight trucks had been completed plaintiff canceled the order and demanded the return of the two chassis on which the defendant had not mounted the truck bodies; defendant refused to deliver them, asserting a lien on them for the amount of services and material furnished on the trucks already delivered. The court said the question was, did the lien extend to the services furnished in the construction of the eight other bodies?— and held that it did as the work was performed under a single contract, and the lien attached and extended to the services rendered for all the work done under the contract. *Schmidt v. Blood*, 9 Wend. (N. Y.) 268, was replevin in which part of the hemp had been withdrawn without storage being paid; the warehouseman claimed a lien on the hemp left in the storehouse for the whole amount of the storage charge. It was held that he had a lien for the entire amount of the contract price. In *Griffith v. Speaks*, 111 Ky. 149, a lien was allowed on horses left in a livery stable for the amount due for stabling and feeding several head of horses

although they had been removed. Other cases might be cited to the same effect.

Cases cited by plaintiff are not in point. *West Allis Industrial Loan Co. v. Stark,* 197 Wis. 363, involved a contest between a third party holding a chattel mortgage and the repair man; the mortgage holder had tendered $75 for repairs. The court said that under the Wisconsin statute defendant's right to a lien for repairs could not have priority over plaintiff's claim under its chattel mortgage for any sum in excess of $75.

Plaintiff in its brief questions the right of defendants to a lien. This right was not questioned in the trial court, and furthermore, defendants pleaded they had a lien which was recorded, and this was not denied. Under Rule 63 of the municipal court (present Rule 35) where such allegation of fact is not denied it must be taken to be admitted, except in certain cases not material here. The same practice is supported in the Civil Practice Act. Ill. Rev. Stat., ch. 110, § 40, subpar. 2 [Jones Ill. Stats. Ann. 104.040]. *South East Nat. Bank v. Board of Education,* 298 Ill. App. 92, 114. It is also well known that a new theory or point cannot be raised for the first time in the court of review. *Chicago Title & Trust Co. v. De Lasaux,* 336 Ill. 522.

There is no merit in plaintiff's argument that defendants released their lien on truck 29 by voluntary and unconditional delivery to plaintiff. The evidence shows it was the agreement of the parties that there was to be no payment until the work was completed. There was no unconditional delivery to plaintiff, who used the truck temporarily before the work was finished. The evidence shows it was returned to defendants for the purpose of finishing the job. In *Wolman v. Raphael,* 278 Ill. App. 172, a car was taken daily from a garage where it was kept at a monthly charge. It was held that under such circumstances a lien exists on the automobile for the charges made

whether it was kept for a stated time or taken out daily by the owner. In *Commercial Acceptance Corp. v. Hislop Garage Co.,* 89 N. H. 45, the facts are like those now before us, where it was held that a lien existed for repairs although the owner occasionally made use of the car during progress of the work.

Objection is made to the rulings of the court, but they are not important. In any event, where the case is tried by the court without a jury it will be presumed that it considered only competent evidence.

We see no convincing reason to disagree with the findings and judgment of the trial court, and the judgment is affirmed.

*Judgment affirmed.*

O'Connor, P. J., and Matchett, J., concur.