Jeanette R. Zussman, Trading as Interstate Popcorn Company, Appellant, v. Wurm Brothers Company, Appellee.

Gen. No. 45,963.

Opinion filed June 23, 1953. Released for publication September 22, 1953.

LEDERER, LIVINGSTON, KAHN & ADSIT, of Chicago, for appellant; BURTON Y. WEITZENFELD, and FRANKLIN A. COLE, both of Chicago, of counsel.

JOHNSTON, THOMPSON, RAYMOND & MAYER, of Chicago, for appellee; HENRY J. BRANDT, and ROBERT F. FUCHS, both of Chicago, of counsel.

MR. JUSTICE ROBSON delivered the opinion of the court.

Plaintiff sued defendant for damages for breach of contract for failure to deliver certain popcorn in accordance with an agreement growing out of a series of writings between the plaintiff and defendant. Plaintiff alleged that the breach was caused by defendant's refusal to deliver the popcorn and as a result thereof plaintiff was damaged in the sum of $20,000. Defendant answered that it was engaged in the popcorn business only as a broker, of which plaintiff had full knowledge; that the contract was expressly made subject to the principal's final confirmation, which was never procured; that defendant dealt only as the agent of the Premier Popcorn Company, its principal, which fact was fully disclosed to the plaintiff. Plaintiff replied denying that defendant was dealing with her as a broker; denied that prior to September 13, 1947, she knew or was informed of the name of defendant's principal, and asserted that the final confirmation of the contract was procured by a telegram of September 9, 1947. The case was heard without a jury and at the conclusion the trial court found the issues for the defendant. From this judgment plaintiff appeals.

The record reveals that on or about August 22, 1947, at the suggestion of one Morris Salkin, Irving Zussman as general manager of Interstate and husband of Jeannette R. Zussman doing business as the Interstate Popcorn Company, telephoned defendant, Wurm Brothers Company, a food products broker, and talked

181

to Gordon Aston to secure quotations on popcorn with a minimum popping volume of 26 to 1. Aston secured these quotations from various popcorn processors and on August 29 wrote plaintiff offering lots from several processors whose names were not revealed in the letter. On September 2 plaintiff wrote to defendant and asked it to place an order for four cars of popcorn in accordance with one of the quotations as set forth in the letter of August 29 and asked authorization to use its own bags and if a 35¢ allowance for use of the bags could be secured. On September 5 Zussman telephoned Aston who advised him that Harold Alver, president of Premier Popcorn Company, had granted the 35¢ allowance for the bags. Zussman accepted the four cars and Aston advised him that he would send defendant's sales memos to plaintiff as soon as final confirmation from Premier was received. Zussman did not wait for the sales memos but insisted on sending plaintiff's bags at once to Premier and instructed Aston to write Premier that plaintiff's bags would be forthcoming.

On September 5 plaintiff sent a letter to defendant confirming the purchase of the popcorn and accompanied it with purchase orders. On September 9 after talking with the Premier Popcorn Company defendant telegraphed plaintiff informing her that the orders were okay but that processor required draft attached on "order notify bill of lading." On September 11 Zussman notified Aston that he agreed to processor's terms of order of bill of lading and Aston promised to seek final confirmation from Premier Popcorn Company. Plaintiff sent its bags to Premier. On September 12 the Premier Popcorn Company refused final confirmation and on September 13 Aston wrote Zussman informing him of this fact. It is contended by plaintiff that the entire contract is

embodied in the letter of September 5, which reads as follows:

"Wurm Brothers Company, 350 No. Clark Street, Chicago 10, Ill. Attention: Mr. Gordon L. Aston.

"Confirming telephone conversation of today, enclosed please find purchase orders for four cars of South American Hybrid Corn, Purdue 31 or 32, with a minimum popping volume of 26 to 1 on the official volume tester. Please note that the cars are to be shipped as follows:

"First car to be shipped to our Boston warehouse September 15th. Second car to be shipped to our New York warehouse on September 22nd. Third car to be shipped to our Chicago warehouse on October 15th. Fourth car to be shipped to our San Francisco warehouse on October 27th. Please have these cars shipped through on a straight bill of lading on a sight draft basis, drawn on the First National Bank of Boston, Boston, Massachusetts. Thank you for your best attention to the above.

"Very truly yours, Interstate Popcorn Co., (Signed) A. Pave.",

and the telegram of September 9 which reads as follows:

"Interstate Popcorn Company, 316 Commercial St., Boston, Massachusetts.

"Re letter Fifth. Orders ok. Processors Company Policy Draft attached to order notify bill of lading. Will draw on Boston bank, bill of lading attached. You forward bill of lading to car destination. Wire acceptance. Wurm Brothers Co."

Plaintiff objected to the admission of all evidence except these two writings on the basis that they show

on their face an unambiguous, certain and complete legal obligation constituting a written contract and therefore they could not be altered by parol evidence. Was the letter of September 5 and the telegram of September 9 meant to supersede all other material and did the parties intend by these writings to embody their entire intent?

An examination of the documents reveals that they were not complete in themselves; that they were dependent for explanation on the previous documents and transactions that took place. The wire of Wurm Brothers to plaintiff shows that processor's company had made variations in the letter of September 5. This court in the case of *Unique Watch Crystal Co., Inc. v. Kotler*, 344 Ill. App. 54, 59, in dealing with a similar problem stated:

"Judged by any fair standards and any realistic conception of dealings between business men without the aid of lawyers, it is clear that this document is not one which should be subjected to a rigid application of the parol-evidence rule."

This is certainly not an agreement that sets forth in a formal manner all of the undertakings and understandings of the parties to this transaction. The trial court was sitting without a jury and we will presume that it considered only competent evidence in finding the issues for the defendant. *Consumers Petroleum Co. v. Flagler,* 310 Ill. App. 241; *O'Brien v. Eustice,* 298 Ill. App. 510. It is our opinion that the ruling of the trial court in allowing the introduction of parol and other documentary evidence to explain the letter and telegram was proper.

Plaintiff next contends that the written documents do not reveal the name of the principal and defendant is thereby bound whether or not he orally re-

184

veals the name of his principal. In the letter to plaintiff of August 29 setting forth the various types of South American popcorn that defendant could offer the plaintiff, the following statement is made: "The above is offered subject to prior sale and processors' final confirmation." This statement gave plaintiff notice that it was being offered not by the defendant but by various processors and subject to their confirmation. This is further confirmed by the telegram to plaintiff on September 9th that said "Processors Company policy draft attached to order notify bill of lading." This referred to the letter of August 29. In the telephone conversations that took place between plaintiff and defendant there is no question but that the name of the processor or principal, the Premier Popcorn Company, was given to the plaintiff. We have held this parol testimony admissible. Plaintiff forwarded its bags to Premier, the principal, which conclusively shows this knowledge.

■■ We conclude that plaintiff was aware that defendant was dealing as a broker and that plaintiff had knowledge of the fact that defendant's actions were subject to the confirmation of the principal, the Premier Popcorn Company, and that, therefore, defendant was not a principal and is not liable as such. The judgment of the trial court was proper and it is affirmed.

*Judgment affirmed.*

SCHWARTZ, P. J. and TUOHY, J., concur.