Louis P. Lellos, Plaintiff-Appellant, v. Sophia Lellos, Defendant-Appellee.

Gen. No. 47,926.

First District, Second Division.

April 5, 1960.

John D. Vosnos, of Chicago (George A. Bosomburg, of counsel) for plaintiff-appellant.

Joseph Z. Willner, of Chicago, for defendant-appellee.

JUSTICE KILEY delivered the opinion of the court. This is a suit by a husband against his wife seeking to establish a constructive trust and to compel a conveyance of real estate, and for an accounting and injunction. Defendant's motion to strike was sustained and the suit dismissed. Plaintiff has appealed.

Plaintiff resides in Florida and defendant in Illinois. They were married on April 9, 1950, when he was in the real estate business and she was the owner of nine parcels of property in Chicago and Oak Park, Illinois.

It is with respect to these properties and a parcel now held in land trust that plaintiff made his claims in the original complaint. After plaintiff's original complaint was stricken, he was denied leave to file an amended complaint. He "filed" the amended complaint, according to the record, nevertheless. Assuming, but not deciding, that the chancellor should have permitted plaintiff to file his amended complaint, we shall consider both pleadings to see whether a cause of action has been alleged, treating the unauthorized filing as a proffer of the amended complaint.

The complaint alleges an oral contract with plaintiff's wife, untutored in real estate affairs, under which he was to manage and improve her properties which were in a depressed, distressed and illegal condition; that he rescued the properties, rehabilitated them, improved them, refinanced them, made them productive, and sold some of them; and that under the contract he was to receive as compensation, 50% of the properties and their income.

Plaintiff charges defendant wrongfully a) converted money due him, b) misappropriated his funds, c) purchased property with his funds, and d) conveyed his property. He seeks, among other relief, an accounting of the funds allegedly due him, the establishment of the trust of properties purchased with his alleged funds, and conveyance of the properties allegedly owned by him.

Defendant in the motion to dismiss relied upon section 8 of the Rights of Married Women Act, Ill. Rev. Stat., ch. 68, sec. 8 (1959): "Neither husband or wife shall be entitled to recover any compensation for any labor performed or services rendered for the other,

whether in the management of property or otherwise." Plaintiff argues that that section does not apply and that his suit is based on a contract between him and his wife, authorized under section 6 of the same Act: "Contracts may be made and liabilities incurred by a wife, and the same enforced against her, to the same extent and in the same manner as if she were unmarried."

There has been no case cited, nor has our research discovered any case since the adoption of the Husband and Wife Act in 1874, Ill. Rev. Stat., ch. 68 (Hurd 1877), deciding the precise point before us. In Hamilton v. Hamilton, 89 Ill. 349, cited by plaintiff, the court merely found nothing in the then section 6 which limited a wife's capacity to sue her husband in assumpsit on a note. The only limitation then in section 6 was that she could not enter a partnership unless her husband "has abandoned or deserted her, or is idiotic or insane, or is confined in the penitentiary." Ill. Rev. Stat., ch. 68, sec. 6 (Hurd 1877).

There are other cases cited by defendant which construe section 8 of the Husband & Wife Act of 1874, but they involve questions different from the one presented here. Thomas v. Mueller, 106 Ill. 36, 41; Reuter v. Stuckart, 181 Ill. 529, 543; Alsdurf v. Williams, 196 Ill. 244, 249. These cases do state that section 8 precluded one spouse from receiving compensation for labor or services rendered to the other, and the Reuter and Alsdurf cases involved a husband's labor on the wife's separate estate.

Plaintiff relies on Patten v. Patten, 75 Ill. 446. There the husband claimed, in a suit for accounting, that he was entitled to the "income and proceeds" collected by him from her separate estate because they were living as husband and wife, and the presumption was that she consented, irrevocably, to the appropriation. After deciding against the husband's claim, the court went on to say he acted as her agent, and "like other agents,

is entitled, in the absence of a special contract, to reasonable compensation for services . . . on behalf of such separate estate." That statement, however, was made in relation to the "Married Women Act of 1861." Ill. Rev. Stat., ch. 69a (Hurd 1869).

In that Act the only provision with respect to a right of compensation was in section 13, an amendment made in 1869: *"Provided,* this act shall not be construed to give the wife any right to compensation for any labor performed for her minor children or husband." It was not until the Act in 1874 that the legislature added the present section 8 prohibiting either spouse from receiving compensation from the other "for any labor or services rendered . . . whether in the management of property or otherwise."

■ Despite all the social and economic changes in Illinois since 1874, the legislature has seen no reason, apparently, for changing section 8. We must assume that the legislature, when it enacted section 8, knew of section 6 and intended to exclude from its terms, contracts made by a wife with her husband which provides compensation for his "labor performed or services rendered . . . whether in the management of property or otherwise." We conclude, therefore, that plaintiff's pleadings do not state a cause of action with respect to plaintiff's one-half interest "in consideration of" his oral understanding in the "management, conduct, operation and improvement" of defendant's properties, whether as agent or otherwise. The reason is that the contract relied on falls within the terms of section 8.

The amended complaint is based on an oral contract of partnership.

■ Defendant's motion admits the well pleaded allegations. Bush v. Babb, 23 Ill.App.2d 285. And, since this is before decree, plaintiff's pleadings are construed strongly against him. Consumers Petroleum Co. v. Flagler, 310 Ill. App. 241. Applying these rules of

pleading, we are of the opinion that the chancellor could properly decide that there is nothing to show defendant contributed her property to a joint enterprise; or that she admitted a partnership or permitted plaintiff to hold her out as a partner; nor that defendant intended a partnership; or that she joined with him "to carry on a trade or venture for their common benefit, each contributing property or services, and having a community of interests in the profits." Peck v. Peck, 16 Ill.2d 268, 280. The allegation of the one-half interest as consideration is consistent with a mere rendering of services. Clemens v. Crane, 234 Ill. 215, 238. It is true that the contract of partnership need not be written and may be inferred from the circumstances, Rizzo v. Rizzo, 3 Ill.2d 291, but the allegations must present a basis from which the intention of partnership may be inferred. Patek v. Patek, 263 Ill. App. 487; Bramson v. Bramson, 4 Ill.App.2d 249. No such basis is laid in the complaints. There is no statement of a cause of action based on partnership.

The original complaint alleges that in March, 1957, with their joint funds, plaintiff and defendant purchased from American National Bank the beneficial interest in property at Archer and California Avenues in Chicago, and that "for convenience and other business reasons and because plaintiff reposed complete trust . . . in defendant" the purchase was made in defendant's name alone. All notes and income, state the pleadings, with respect to and from these properties were by agreement to be collected by defendant and deposited in a separate joint account with a monthly disbursement to plaintiff of 50% of the net amount collected. Plaintiff alleges defendant has broken faith with him in failing to keep this agreement and has continued her refusal to meet his demand to account to him.

Defendant argues that these allegations, taken as true, give rise to a presumption of a gift and relies on Peck v. Peck, 16 Ill.2d 268. In that case there were no "special equities" which overcame the presumption of a gift to the wife and the presumption prevailed. Here there is the allegation of the agreement to open the separate joint account and remit 50% to plaintiff of the net income from the beneficial interest. We think the presumption of a gift is negatived by these allegations. Crawford v. Hurst, 307 Ill. 243. The original complaint states a cause of action with respect to the property allegedly purchased with joint funds and held in a land trust.

We need not consider whether the alleged oral contract violated the statute of frauds nor whether the trial court erred in determining "complex and intricate issues of accounting."

For the reasons given the decree dismissing plaintiff's suit is reversed and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

MURPHY, P. J. and BURMAN, J., concur.