THE BLUMENBERG PRESS, Appellant, v. MUTUAL MERCANTILE AGENCY, Respondent.

APPEAL — WHERE FINDINGS OF FACT MUST BE ASSUMED UNDER CODE CIV. PRO. § 1338, to HAVE BEEN APPROVED APPELLATE DIVISION CANNOT REVERSE UPON THE LAW IN THE ABSENCE OF LEGAL ERROR. Where the question whether or not an artisan's lien has been waived is one of fact, and the trial court in a short decision has found upon sufficient evidence that the lien existed, and must be assumed to have found that there was no waiver thereof, the Appellate Division, in the absence of errors arising upon the trial, cannot properly reverse upon the law, upon the ground that there was a waiver, and grant a new trial.

*Blumenberg Press* v. *Mutual Mercantile Agency*, 77 App. Div. 87, reversed.

(Argued January 29, 1904; decided February 9, 1904.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered December 5, 1902, affirming in part and reversing in part a

judgment of Special Term in an action for the foreclosure of an artisan's lien and granting a new trial.

The facts, so far as material, are stated in the opinion.

*Joseph N. Goldbacher* for appellant.

*Henry Schoenherr* and *Arthur J. Baldwin* for respondent.

·HAIGHT, J.   This action was brought to recover a judgment for the balance due the plaintiff upon a contract with the defendant to print for it a reference book, including the manufacture of the linotype slugs, plates, etc., at prices stipulated in the contract and to have it adjudged that the plaintiff has an artisan's lien on the linotype slugs, paper, etc., in plaintiff's possession and for a foreclosure of such lien.   The balance due the plaintiff upon the contract is undisputed and amounted, at the time of the entry of the judgment, to the sum of $9,879.62, including interest.   The only controversy in the case arises over the right of the plaintiff to an artisan's lien.   Upon this issue the trial court made what is commonly denominated a short decision, holding that as to the work performed by the plaintiff prior to the 8th day of February, 1901, it had been fully paid for by the defendant, who was entitled to the possession of the property and that it had been left with the plaintiff as bailee merely, and that no lien attached thereto ; but as to the material thereafter manufactured by the plaintiff·it had not been paid for, was still in the possession of the plaintiff and that its lien attached thereto, and judgment was ordered accordingly.   Both parties having appealed, the case came up for review in the Appellate Division and that court held, as stated in the opinion, that " the contract was one, and not several, for the printing of the first edition of the defendant's reference book. It shows upon its face that the intention of the parties was that the plaintiff should do all the work required in the way of making the type, printing and correcting the proof.   In fine, everything necessary up to the binding and publication of the book.   Although the contract provided for weekly

payments for work performed, this did not effect a change, as there was but one contract for the entire work. That being so, a lien for the total amount due attached to the goods manufactured by the plaintiff and not delivered to the defendant, and the plaintiff waived its lien only as to such of the goods as were delivered to the defendant." This is a clear, concise and correct statement of the law governing contracts of this character, and to this extent we fully concur with that learned court. It then proceeded to discuss the facts with reference to that part of the goods manufactured prior to February 8th, 1901, and reaches the opinion that the plaintiff had no lien thereon and concluded by unanimously affirming the judgment of the trial court in so far as the plaintiff's appeal was concerned. Inasmuch as this conclusion was reached upon a review of the facts, we are concluded from a review thereof by the Constitution and the Code. The learned Appellate Division then proceeds to discuss the facts with reference to the lien of the plaintiff upon the goods manufactured after the 8th day of February, 1901, and refers to two transactions, from which it reaches the conclusion that the plaintiff had waived its lien upon the property manufactured by it. The contract provided that the defendant should pay weekly for the work performed. The defendant, however, had neglected to do so, and upon application to the plaintiff it had consented to defer payment until the amount of five thousand dollars had become due and then it had accepted notes therefor which it surrendered up upon the trial. This the Appellate Division concludes was a waiver of the plaintiff's lien. Under the contract, however, the plaintiff was under no obligation to deliver the goods during the time for which payments had been deferred. It, in the meantime, had retained possession of the goods manufactured by it and the question of waiver by the plaintiff depended upon the intent of the parties to be drawn from the surrounding circumstances. Again, storage had been charged by the plaintiff and allowed by the defendant upon the lino-type slugs left in its custody, and the learned Appellate Divi-

sion was of the opinion that this constituted a waiver. The amount of work performed under the contract aggregated upwards of sixty thousand dollars and it will be recalled that upwards of fifty-one thousand dollars thereof had been paid for, and the lien thereon discharged by the judgment of the trial court, upon the theory that the linotype slugs had been left in the custody of the plaintiff for the purpose of revision and change, rendered necessary from time to time by the changes, deaths and failures of merchants and others throughout the country. The charge for storage upon this property was proper and did not affect the question of waiver as to the other property manufactured thereafter, unless it was the intention of the parties to include such property and to charge storage thereon, and in case they did there was still a question as to whether there was an intent to waive the lien by reason thereof. We have thus referred to the facts discussed by the Appellate Division, not for the purpose of reviewing the same, but merely to show that the intention of the parties was involved and that the question as to whether there was a waiver on the part of the plaintiff was one of fact and not of law. The decision of the trial court is to be treated the same as a verdict by a jury and we are to assume that the court found the facts warranted by the evidence necessary to sustain the conclusions of law. (*Dr. Kennedy Corpn.* v. *Kennedy,* 165 N. Y. 353, 360.) The Appellate Division, in reversing this part of the judgment, has not stated in its order or judgment that the reversal was upon the facts, and we must, therefore, under section 1338 of the Code of Civil Procedure, assume that the reveral was upon the law. The facts, therefore, as found by the trial court must be assumed to remain undisturbed by the Appellate Division, and the trial court having found that the plaintiff had a lien upon the goods manufactured by it after the 8th day of February, 1901, which remained in its possession, must be assumed to have found that there was no waiver of such lien by the plaintiff. The Appellate Division could not, therefore, in the absence of errors arising upon the trial, properly reverse upon the law.

The order of the Appellate Division, in so far as it has reversed the judgment appealed from and granted a new trial, should be reversed, and the judgment entered upon the decision of the trial court should, in all respects, be affirmed, without costs of this appeal to either party.

PARKER, Ch. J., GRAY, BARTLETT, VANN, CULLEN and WERNER, JJ., concur.

Order reversed.