GABRIEL SALANT et al., Respondents, v. PENNSYLVANIA RAILROAD COMPANY et al., Appellants.

*Replevin — carriers — goods shipped under order notify bill of lading — refusal of consignee to pay draft attached to bill of lading — replevin of goods without surrender of bill of lading — motion to vacate and set aside requisition properly denied.*

*Salant* v. *Pennsylvania R. R. Co.,* 188 App. Div. 851, affirmed.

(Argued May 31, 1921; decided July 14, 1921.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial depart-

ment, entered October 17, 1919, which affirmed an order of Special Term denying a motion to vacate and set aside a requisition in replevin, to direct the sheriff to return the replevied chattels to the defendants and to dismiss the complaint. Plaintiffs, claiming to be the true owners and entitled to the immediate right of possession of five cases of shirts shipped by one Shirk from East Earl, Penn., over the defendant's railroad, had them replevied by the sheriff from the possession of defendants. Shirk had shipped the goods under an order notify bill of lading to which he attached a sight draft drawn on plaintiffs. Plaintiffs refused to honor the draft and replevied the goods without causing the bill of lading to be surrendered to the carrier or impounded by the court or its negotiation enjoined. Defendants moved to vacate and set aside the requisition in replevin and the process thereunder, to direct the sheriff to return to defendants the chattels replevied, and to dismiss the complaint. This motion was based upon the contention that under section 23 of the Federal Bill of Lading Act (39 U. S. Stat. at Large, 542) plaintiffs could not replevy the goods without first causing the bill of lading to be surrendered to the carrier or impounded by the court or its negotiation enjoined, and upon the further contention that general order No. 43 of the director general of railroads of the United States railroad administration forbade the replevying of goods in the hands of a common carrier for transportation.

The following questions were certified:

" 1. Was the person who delivered the goods to the defendant the owner or a person whose act in conveying the title to them to a purchaser for value in good faith would bind the owner? 2. Is replevin included within the terms of the Federal Bill of Lading Act? 3. Did general order No. 43 of the United States railroad administration director general of railroads prohibit this replevin proceeding? "

*James A. Dilkes, Harold G. Wentworth* and *George R. Allen* for appellants.

*Louis Salant* for respondents.

Order affirmed, with costs; first and third questions certified answered in the negative, second question certified not answered; no opinion.

Concur: HISCOCK, Ch. J., CHASE, HOGAN, CARDOZO, POUND, CRANE and ANDREWS, JJ.