HARE'S MOTORS, INC., Respondent, *v.* FRED ROEDER MANU-
FACTURING COMPANY, Appellant.

Second Department, January 11, 1924.

Liens — artisan's lien — third person ordered from defendant ten auto-
mobile truck bodies to be mounted on chassis to be supplied by
plaintiff — plaintiff furnished two chassis on which bodies were mounted
and other bodies were ready for mounting when order was canceled
by third person — defendant has lien on two chassis for all work
done — Lien Law, § 180, applied.

The defendant, a manufacturer of automobile truck bodies, from whom a third
person ordered ten bodies to be mounted on chassis to be supplied by the
plaintiff under a contract between the plaintiff and the third person, had an
artisan's lien on two chassis supplied by the plaintiff for the two bodies mounted
on the chassis so supplied, since the defendant's services and materials were,
within the meaning of section 180 of the Lien Law, furnished with the consent
of the plaintiff.

The defendant has a lien on the two chassis also for the other eight bodies which
were completed before the third person attempted to cancel the contract, since
the contract for the construction and mounting of the bodies was entire and
the two chassis were delivered to the defendant under the terms of the contract
between the plaintiff and said third person and, therefore, defendant's lien
extended to the services rendered and materials furnished for all the work done
under the contract.

KELBY, J., dissents in part.

APPEAL by the defendant, Fred Roeder Manufacturing Com-
pany, from a judgment of the Supreme Court in favor of the
plaintiff, entered in the office of the clerk of the county of Kings
on the 22d day of March, 1923, upon the decision of the court,
rendered after a trial before the court, a jury having been waived.

Hare's Motors of New England, Inc., a Massachusetts corpora-
tion, entered into an agreement with the defendant on October 26,
1920, for the construction of ten truck bodies and the mounting
of the same upon chassis to be supplied by the Massachusetts
corporation.

Hare's Motors, Inc., a Delaware corporation, on December 17, 1920, and at the request of Hare's Motors of New England, Inc., delivered to the defendant two four-ton Riker chassis. Defendant, pursuant to the order of the New England corporation, mounted the bodies upon the trucks and gave them one coat of paint. It completed for mounting the other eight bodies on December 15, 1920. The New England corporation, on December 21, 1920, wired the defendant that as their order for *trucks* had been canceled, the defendant's order for *bodies* was also canceled. Plaintiff thereafter demanded possession of the two chassis with bodies thereon, which demand was refused by the defendant, who asserted a lien upon them, and upon the remaining bodies, in the sum of $7,100, which it was conceded on the trial was the fair and reasonable value of the services performed and the material furnished by the defendant pursuant to its contract with the New England corporation.

The defendant thereafter, pursuant to sections 201 and 202 of the Lien Law, gave notice of sale and advertised the sale of the two chassis and the bodies. Thereupon the plaintiff, by a writ of replevin, caused the sheriff to seize the chassis, together with the bodies manufactured by the defendant, and brought this action for the possession of the same. The remaining eight bodies were duly sold at public auction, and the proceeds, $936.55, received by the defendant, who now asserts a lien by way of counterclaim upon the two chassis and bodies seized under the writ for $6,163.45, representing the difference between the $7,100, conceded to be the reasonable value of defendant's services and materials, and the $936.55, realized on the sale of the bodies.

*Charles Burston* [*Louis J. Opal* with him on the brief], for the appellant.

*Bertram L. Fletcher*, for the respondent.

RICH, J.:

It was conceded on the trial that the plaintiff was the owner of the two trucks, the subject of this action, and that on April 6, 1921, and before the date upon which they were advertised to be sold, without prejudice to its rights, tendered the defendant $1,650 in payment of all charges, and demanded delivery of the trucks, but defendant refused to deliver them unless the plaintiff paid the total sum due to it under its contract with the New England corporation.

The learned trial court has found that the plaintiff did not make or enter into any agreement with the defendant in regard to the building and mounting of bodies on the two trucks or to build eight other truck bodies, and that the bodies were not built and mounted

on the two trucks and the remaining eight bodies were not built at the request or with the consent of the plaintiff, the owner of the two trucks. The precise question, therefore, presented for decision upon this appeal relates to (1) whether or not the defendant acquired a lien for services rendered and materials furnished upon the two trucks *only*, or (2) in addition for the services and materials furnished pursuant to its contract with the New England corporation for eight other bodies.

It is conceded that the trucks were delivered by the plaintiff to the defendant at the request of the New England corporation, and the latter's representative, Baldwin, testified that the chassis were sent to the defendant by the plaintiff, at the request of his firm, for the purpose of having the bodies mounted.

It may fairly be inferred, however, from the evidence that the plaintiff is not in the position of an owner of chattels who has some knowledge that a workman has performed services upon them and only passively acquiesces therein, but rather the plaintiff was an affirmative factor in procuring the improvement to be made. (*Rice* v. *Culver*, 172 N. Y. 60.) We think that the defendant's services and materials were within the meaning of the statute (Lien Law, § 180) furnished with the consent of the owner, and the defendant acquired an artisan's lien for his services and materials furnished in connection with the two trucks.

But did this lien also extend to the services rendered and the materials furnished in connection with the construction of the eight other bodies under its contract with the New England corporation? Appellant contends it does inasmuch as the contract for the bodies and mounting was *entire*, and that as the work was performed under a single contract the lien attached to all things delivered to the defendant *under the* contract. (*Wiles Laundering Co.* v. *Hahlo*, 105 N. Y. 234; *Blumenberg Press* v. *Mutual Mercantile Agency*, 177 id. 362.) The question thus resolves itself into whether or not the trucks were delivered to the defendant by the plaintiff under the terms of its contract with the New England corporation. The order for ten bodies was concededly given by the New England corporation to fill a contract it had with Jones Bros., of New Bedford, to whom the trucks were to be eventually delivered. The New England corporation requested the plaintiff to send the chassis to defendant to mount the bodies *for the Jones order* and they were sent to defendant for that purpose. They were delivered to the defendant under the terms of its contract with the New England corporation, and its lien extended to the services rendered and materials furnished and for all the work done under the contract. (*Conrow* v. *Little*, 115 N. Y. 387.)

The authorities cited in support of respondent's contention that, even if the consent of the owner has been established as to the mounting of the bodies upon the two trucks, the defendant could not also subject them to a lien for work on other bodies for a third party, are clearly distinguishable from the case at bar (*Barrett Manufacturing Co.* v. *Van Ronk*, 212 N. Y. 90, 96; *Moulton* v. *Greene*, 10 R. I. 330), in that in those cases a person *other than the owner* of the chattels sought to be impressed with a lien delivered them to the party who asserted the lien, while in the case at bar the owner, with knowledge that the defendant was to build and mount bodies on them under its contract with the New England corporation, itself delivered them to the defendant.

The judgment should be reversed upon the law and the facts, with costs, the complaint dismissed and judgment directed for the defendant on its counterclaim, with costs.

KELLY, P. J., MANNING and KAPPER, JJ., concur; KELBY, J., dissents, and votes to modify the judgment by allowing a lien on the two chassis for the work done on same by defendant.

Judgment reversed upon the law and the facts, with costs, the complaint dismissed and judgment directed for the defendant on its counterclaim, with costs.