**In the Matter of TELE KING CORPORATION, Debtor.**

United States District Court
S. D. New York.
Dec. 21, 1955.

Levin & Weintraub, New York City, for debtor.

Jacob W. Friedman, New York City, for creditor Cargo Packers, Inc.

EDELSTEIN, District Judge.

The debtor in a Chapter XI turnover proceeding petitions to review an order

of the referee. The case turns on the right of the respondent to assert an artisan's lien.

The debtor, Tele King Corporation, manufactured electronic parts under contract with the Army Signal Corps and sent these parts in bulk to the respondent creditor, Cargo Packers, Inc., for packaging. The work done by Cargo Packers, according to the stipulation of facts, consisted of cleaning the parts, processing them, placing preservative oils on them where necessary, vacuum packaging where necessary and placing them in suitable containers for long terms of storage and rugged handling, the containers being purchased or fabricated by Cargo Packers. The work was done under an agreement whereby Tele King would ship to Cargo Packers under purchase orders. Some, but not all of the shipments in bulk from Tele King would bear the notation: "Terms: Net Cash", but there was no agreement for the extension of credit.

In 1952 and 1953 Tele King made various shipments of bulk parts to Cargo Packers, which processed, packaged and shipped them to the Army, simultaneously billing Tele King and receiving partial payment toward the end of 1953. On Feb. 4, 1954, Cargo billed Tele King for certain work in the amount of $747.60, withholding the equipment and asserting an artisan's lien on it for the entire balance due, $5,184.03. That amount was deposited by the debtor under an order of the referee, pending the determination of whether the creditor might properly assert an artisan's lien. The referee initially upheld the lien only in the amount of the final billing of $747.60, but later amended his order to include the entire balance due.

The first issue is whether the kind of work done by the creditor supports its assertion of an artisan's lien. Section 180 of the New York Lien Law, McK. Consol.Laws, c. 33, provides:

"A person who makes, alters, repairs or in any way enhances the value of an article of personal property, at the request of or with the consent of the owner, has a lien on such article, while lawfully in possession thereof, for his reasonable charges for the work done and materials furnished, and may retain possession thereof until such charges are paid."

Although there is room for difference of opinion, I am nevertheless in agreement with the referee that the work done by Cargo Packers did enhance the value of the product, to qualify under the terms of the statute.

The second issue is whether the relationship of the parties is consistent with the existence of a lien. The existence of an artisan's lien is inconsistent with a credit relationship between the parties. In re Heinsheimer, 214 N.Y. 361, 366, 108 N.E. 636. If an artisan has not agreed to extend credit, he has a right to demand and receive payment for his work in enhancing the value of property before he need surrender the product of his labors. But if he has agreed to extend credit, he does not rely upon the property to secure payment. Cf. Wiles Laundry Company v. Hahlo, 105 N.Y. 234, 242, 11 N.E. 500, 503; "If, by the terms of the contract, possession of the property is to be surrendered before payment, no right of lien exists." And cf. Morgan v. Congdon, 4 N.Y. 552, 553: "The lien exists * * * unless there be a future [after delivery] time of payment fixed." In the case at bar, it appears that in fact Cargo Packers did extend credit to the debtor. However, there was no agreement for the extension of credit and the processor would have been entirely within its rights in demanding payment before delivering the equipment. Ultimately, it did so. The voluntary extension of credit for some deliveries under an entire contract does not vitiate an artisan's lien against other property withheld because of non-payment. And it is well settled that where an artisan entitled to a lien has retained but a part of the property serviced, the lien attaches to it to the extent of the whole amount due for work done upon all of the goods. Morgan v. Congdon, su-

pra; Wiles Laundry Co. v. Hahlo, supra; Blumenberg Press v. Mutual Mercantile Agency, 177 N.Y. 362, 69 N.E. 641; Hare's Motors v. Fred Roeder Mfg. Co., 207 App.Div. 670, 202 N.Y.S. 830, affirmed 238 N.Y. 590, 144 N.E. 904.

The order of the referee will be confirmed.