Bertram Harnett, J.
Davran Industries, Inc. (Davran) is a corporate metal fabricator. On April 6, 1972, it accepted delivery from United States Extrusions. Corp. (USEC) of certain aluminum extrusions in accordance with a purchase order for fabrication of 1,500 finished units. The apparent understanding was that after completion of Davran’s work, both the extrusions and leftover scrap aluminum would he returned to USEC. 1,127 completed units were returned to USEC, on which a charge of $1,608 was due for work performed. Some $2,021 worth of scrap and extrusions remained with Davran out of the purchase order, /and Davran’s judgment creditors have levied through the Sheriff upon all property on its premises, including the remaining USEC aluminum scrap and extrusions. USEC brings this proceeding pursuant to CPLB 5239 to determine its rights in the metal left with Davran.
There is no dispute as to the amount that USEC owes Davran, nor that the metal pieces in question belong to USEC. The issue presented then is whether this metal is subject to execution by Davran’s creditors and, if so, to what extent.
Section 180 of the Lien Law provides: “ Artisans’ lien on personal property. A person who makes, alters, repairs or performs work or services of any nature and description upon, or in any way enhances the value of an article of personal property, at* the request or with the consent of the owner, has a lien on such article, while lawfully in possession thereof, for his reasonable charges for the work done and materials furnished, and may retain possession thereof until such charges are paid ”.
Having worked on the USEC extrusions, Davran has a lien upon such metal lawfully in its possession “ for [its] reason *1018 able charges for the work done Where the artisan returns to the owner a portion of the property worked upon, and retains the balance, the lien attaches to the retained property, to the full extent of work done on the entire order, including the portion .returned. (Blumenberg Press v. Mutual Mercantile Agency, 177 N. Y. 362; Hare’s Motors v. Roeder Mfg. Co., 207 App. Div. 670, affd. 238 N. Y. 590.) Since the judgment creditors do not claim an amount in excess of the debt acknowledged by USEC as owing on the extrusions returned, for purposes of this proceeding Davran’s artisan’s lien is in the amount of that indebtedness, $1,608.
Sometimes there may be a waiver of lien by an express agreement allowing the owner open credit for work done, instead of requiring payment upon delivery of the completed goods under penalty of lien (Matter of Tele King Corp., 137 F. Supp. 633). However, here the record does not reflect sufficient evidence of the commercial arrangement to establish that Davran extended credit which would be repaid by offset against future purchases from USEC. No agreement, memorandum of understanding, bookkeeping record or correspondence is submitted to substantiate USEC’s self-serving statements concerning its payment procedure with Davran. TJSEC’s notation on its purchase order that “ since we are supplying the aluminum extrusions for the above, we expect completed units and all scrap generated to be returned ” in no way relates to any purported credit understanding, but is simply a unilateral affirmation of the owner’s expectation to have its property returned.
Althpugh a lien by itself is not tangible personal property which may be sold by the Sheriff (CPLE 5201, subd. [b]; see Merritt v. Bartholick, 36 N. Y. 44; Beak v. Walts, 266 App. Div. 900; cf. Bank of Utica v. Castle Ford, 56 Misc 2d 301), when combined with the underlying debt, it represents a possessory right in the encumbered property with a concomitant right to sell that property if the debt is not satisfied. (See Lien Law, § 200; Motor Discount Corp. v. Scappy & Peck Auto Body, 12 N Y 2d 227.)
Pursuant to CPLE 5239, the- court has the authority to ‘ ‘ direct the disposition of the [debtor’s] property or debt ”. Davran, as USEC’s creditor, has an obligation to be paid, secured by the possessory artisan’s lien. Only this claim against USEC, not the extrusions themselves, may be sold by the Sheriff. The purchaser then may execute upon the metal pursuant to section 200 of the Lien Law, should the debt not be satisfied. The right to possess the extrusions impounded by the Sheriff is., an integral part of Davran’s interest and therefore, upon the sale of *1019 that interest, the Sheriff shall transfer possession of the metal to the purchaser of the debt and lien. At any time during this procedure, USEC may redeem its property by 'paying to the Sheriff the amount of the artisan’s lien.
Accordingly, the petition is granted to the extent of directing the Sheriff to proceed with the ensuing execution sale of Davran’s debt and possessory lien and to deliver the remaining extrusions to the purchaser of those interests.