Thomas Aloi, J.
Defendants move for summary judgment pursuant to CPLR 3212 upon .the grounds that plaintiff’s complaint and accompanying moving papers raise no triable issue of fact, *330 and that therefore as a matter of law their respective motions should be granted. Plaintiff has moved to dismiss defendants’ motions upon the (grounds that section 9-503 of the Uniform Commercial 'Code, which authorized defendant Marine Midland Bank to repossess her car is unconstitutional as it denies her due process of law as guaranteed Iby the Fourteenth Amendment of the United ¡States Constitution. In the interest of fully and fairly resolving the common substantive issues found in these motions all motions will be decided simultaneously.
The pertinent facts, briefly stated, indicate that plaintiff purchased a 1973 Lincoln Mark IV on or about April 24, 1973, from codefendant Heritage Lincoln Mercury, Inc. (hereinafter referred to as Heritage). Plaintiff financed the automobile through codefendant Marine Midland Bank-Central (hereinafter referred to as Marine Midland) by executing on April 24, 1973, a retail installment contract, which provided for 36 monthly installments of $222.51, beginning on June 7, 1973, and payable on or by the 7th of each month. Marine Midland asserts that prior to its repossession, plaintiff had made payments for only the months of June and July. On October 1, 1973, plaintiff was in default of her August and ¡September payments. Plaintiff on October ,2 paid her August payment, but not the late charge, and still had not made her ¡September payment. Marine Midland claims that it learned on October 2 that plaintiff had brought said automobile into Heritage for repairs sometime in August and had requested return of the automobile without paying for the repairs. Marine Midland determined that their collateral was in jeopardy and instructed its agent on October 2 to pay the mechanic’s lien and ¡take physical possession of the car purusant to section 9-503 of the Uniform Commercial Code and the terms of the retail installment contract. On October 4 plaintiff paid the ¡September payment, ¡but did not make any further payments during the month for her October obligation. On October 10, notice of sale, pursuant to the terms of the security agreement was sent to plaintiff indicating that the car would be sold on October 26,1973, at a stated place and time. The automobile was subsequently sold, and the proceeds of the sale were deducted from the outstanding balance due, which included the cost of repossession and the repairs. Plaintiff was requested to pay the balance but refused, and has chosen to sue Marine Midland and Heritage on the alternative theories of conversion and that although the automobile was repossessed in accordance with section 9U503 of the Uniform Commercial Code and ,the security agreement contract, it was done in a manner violative *331 of her constitutionally guaranteed right of due process. Furthermore, plaintiff has sued Marine Midland for her embarrassment and for loss of personal property alleged to have been in the trunk when the automobile was repossessed. Defendants have moved for summary judgment, although Marine Midland concedes that the security interest in the contract does not extend to the personal property not affixed to the automobile but found therein.
The plaintiff contends that the self-help repossession procedures of section 9-503 of the Uniform .Commercial Code are unconstitutional as they violate the Due Process Clause of the Federal and State Constitutions, in that they do not • require notice and an opportunity to be heard prior to the taking of the collateral in question. Marine Midland contends that under the terms of the installment contract it had the right to repossess the vehicle without judicial process as long as it was done peacefully. It further contends that under section 9-503 of the Uniform Commercial Code, it had the right to take possession in the event of default, especially where, as here, the security agreement provides for such procedure. Heritage contends that pursuant to sections 184 and 200 of the Lien Law, and the notice, redemption and sale provisions of article 9 of the Lien Law, its lien on the automobile was proper and that it was obligated to release the automobile upon full satisfaction of its mechanic’s lien by Marine Midland.
Although plaintiff “owned” the goods which she had purchased under the installment sales contract, her title was encumbered. As the vendee-debtor, plaintiff had both title and possession of the goods subject to her contractual obligation to continue to make timely installment payments. Defendant, Marine Midland, as the vendor-creditor, also had an interest in the property in the form of a vendor’s lien to secure the unpaid balance of the purchase price. This court realizes that both the seller and buyer had current, real interests in the property. Resolution of the due process question must take account not only of the interests of the buyer of the property but those of the seller as well. (Mitchell v. W. T. Grant Co., 416 U. S. 600.)
In striving for a constitutional accommodation of the respective rights and interests of both buyer and seller, this court stands prepared to protect the buyer’s possessory interest to use and enjoy her automobile and the seller’s right in being timely paid in accordance with the contract or repossessing the goods for the purpose of foreclosing its lien and recovering the unpaid balance.
*332 Plaintiff has asserted that 'the “ self-help ” remedy under section 9-503 of. the Uniform Commercial Code is unconstitutional under the rationale of Sniadach v. Family Finance Corp., (395 U. S. 337) and Fuentes v. Shevin (407 U. S. 67). This court acknowledges the distinction made by many commentators between “ self-help repossession ” ¡when authorized by a private contract establishing a security interest, and replevin prior to a taking, even though ¡both involve a tf taking ” of the debtor’s property before any judicial determination of the validity of the taking.
In a recent case similar to the one at bar, the court held that “ an agreement entered into in compliance with section 9-503 of the Uniform Commercial Code must be held to be legal, especially where the debtor has expressly authorized the ‘ ‘ self-help ’ ’ provisions of the contract. ¡Such an agreement cannot be held to be unconscionable when such terms are expressly authorized by statute.” (Frost v. Mohawk Nat. Bank, 74 Misc 2d 912, 913.) Plaintiff has contended that since Marine Midland accepted certain payments after the 7th of each month, it established a “ course of conduct ” which precluded it from demanding timely payment each month. This court rejects this contention on tiie basis that a clear precedent for late payment was never clearly established nor did Marine Midland ever intend to waive its right to repossess despite accepting payment after the 7th of the month. (Davison v. Klaess, 280 N. Y. 252.)
Heritage has asserted that under existing case and statutory law its lien was lawful and its transfer to Marine Midland was a valid exercise of its rights and obligations pursuant to section 184 iof the Lien Law, which reads in part: “ A. person keeping a garage, hangar .or place for the storage, maintenance, keeping or repair of motor vehicles * * * and who in connection therewith stores, maintains, keeps or repairs any motor vehicle * * * kag a pen upon such motor vehicle * * * for the sum due for such * * * at any time it may be lawfully in his possession until such sum is paid ’ ’. Heritage therefore had a lawful lien on the automobile in question. Upon demand by Marine Midland of the automobile, because of the default in payment by the plaintiff, and upon the tender of a sum of money sufficient to satisfy the lien then in effect, Heritage had no choice but to transfer the automobile to a prior secured party who had the right to possession thereof. In Kaufman v. Simons Motor Sales Co. (261 N. Y. 146) the court held that the assignee of a contract of sale has a right to take possession of the property upon the default of payment by the buyer.
*333 Accordingly, it is the decision of this court that defendants’ motions for summary judgment dismissing plaintiff’s complaint he granted in part and denied only as to the issues of plaintiff’s alleged loss of personal property contained in the automobile and the determination of Heritage’s counterclaim for storage cost.