OPINION OF THE COURT
Arthur D. Spatt, J.
Motion by plaintiff for an order permitting plaintiff to post a bond in the amount of the repairs claimed to be due and owing to defendant, and, upon posting of such bond, permitting the removal of said vessel by plaintiff, is determined as set forth below.
BACKGROUND AND CONTENTIONS
This is an action to recover damages for conversion and breach of contract. Plaintiff delivered his 26-foot Silverton boat to the defendant for the purpose of effectuating repairs thereto. After “waiting an inordinate period of time”, plaintiff contends that the work, labor and services performed by the defendant was unmerchantable, of inferior quality and uncompleted. A bill rendered by defendant in the sum of $2,531 is unpaid.
Asserting that he has been deprived of the use of the said vessel for a period of three months, plaintiff requests leave to post a bond in the sum of the $2,531 bill of the defendant, and seeks permission to thereafter remove the vessel from defendant’s place of business. Further, plaintiff states that his $25,000 vessel is deteriorating from nonuse and from the elements.
*863 In opposition, defendant contends that there is no authority in the law which would permit plaintiff to post a bond to discharge defendant’s statutory possessory lien and obtain possession of his boat. In addition, defendant asserts that plaintiff has recovered from his insurance company a sum in excess of the amount of defendant’s bill, and that all repairs were completely and properly done.
DETERMINATION
Section 184 of the New York Lien Law provides for a lien to a person who stores, maintains, keeps or repairs a motorboat for the sum due for such repairs in the following language: “A person keeping a * * * place for the * * * repair of* * * motor boats as defined by article seven of the navigation law * * * and who in connection therewith * * * keeps or repairs any * * * motor boat * * * has a lien upon such * * * motor boat * * * for the sum due for such * * * repairing of such * * * motor boat * * * and may detain such * * * motor boat * * * at any time it may be lawfully in his possession until such sum is paid”.
By the terms of this statute, the person making the repairs may retain possession of the boat until the sum due is paid. There is no provision in said statute for the discharge of the lien by the posting of a bond or undertaking. This type of statutory possessory lien is unlike the “mechanics lien” which may be conditionally discharged — without discharging the claim — by the substitution of a bond. (See Yonkers Bldrs. Supply Co. v Luciano & Son, 269 NY 171; Blair Co. v Seadco Bldg. Corp., 135 Misc 204; Jensen, Mechanics Lien Law [4th ed], §§ 250-255.) The authority for the discharge of the lien by the filing of a bond is specifically set forth in subdivision (4) of section 19 of the Lien Law. There is no similar provision with regard to the possessory lien established by section 184 of the Lien Law.
Only an actual tender of the amount due will discharge the lien. (Ledwell v Entire Serv. Corp., 224 App Div 433, affd 252 NY 548; Rush v Wagner, 184 App Div 502.) Therefore, only upon the tender of a sum of money sufficient to satisfy the lien can plaintiff obtain possession of his boat prior to a disposition of this case. (See Hunt v Marine Midland Bank-Cent., 80 Misc 2d 329.)
*864 Therefore, plaintiff’s motion to permit him to post a bond and thereby obtain possession of the boat is denied.
However, in view of plaintiff’s deprivation of the use of the boat coupled with his claim that the vessel is deteriorating, in the interests of justice, the court grants this matter of a trial preference. All further discovery shall be concluded on or before February 14, 1983. The plaintiff is directed to file a note of issue on or before February 18, 1983. Upon receipt of said note of issue, the required fees and a copy of this order, the appropriate clerk is directed to place this case on the calendar for trial within 20 days after the filing of the note of issue, subject to the discretion of the Justice presiding.
Plaintiff’s counsel is directed to serve a copy of this order on defendant’s attorneys within seven days of the date hereof.