OPINION OF THE COURT
Edward H. Lehner, J.
The question raised on this motion is whether property retained pursuant to the possessory liens provided in sections 180 and 188 of the Lien Law may be recovered, by one entitled to possession of the property, upon the filing of a surety bond. Under the facts herein, the court will permit movants to obtain possession of the property upon filing of an appropriate surety bond or the making of a cash deposit.
FACTS
Defendant Urban Entertainment Associates, Inc. (Urban) is *409 the producer of a motion picture which plaintiff agreed to distribute. The film was delivered to defendants, The Optical House, Inc. (Optical), for processing, and to Peter Wallach Enterprises, Inc. (Wallach), to create special effects and animation. Both Wallach and Optical assert that plaintiff and/or Urban owe them money for services rendered with $67,783 allegedly owing to Wallach and $50,400 allegedly owed Optical.
Although plaintiff sued Urban, plaintiff’s counsel has stated that he now also represents Urban, and that his clients contest the amounts allegedly owing, but he agreed on their behalf to post a surety bond for the full amount of the aforementioned claims.
Wallach and Optical assert, however, that they have possessory liens pursuant to sections 180 and 188 of the Lien Law, and they need not surrender possession of the film prints until payment or tender of the amount owing is made, and that a court may not substitute a bond for their right of possession.
THE STATUTE
The common-law artisan’s lien is codified as section 180 of the Lien Law which provides: "A person who makes, alters, repairs or performs work or services of any nature and description upon, or in any way enhances the value of an article of personal property, at the request or with the consent of the owner, has a lien on such article, while lawfully in possession thereof, for his reasonable charges for the work done and materials furnished, and may retain possession thereof until such charges are paid. ” (Emphasis supplied.)
Section 188 of the Lien Law provides that persons "engaged in the business of a motion picture film laboratory or in the business of developing, titling, storing, assembling or reproducing motion picture film” have a possessory lien "until the payment of any sum due” (emphasis supplied).
DISCUSSION
Various sections of the Lien Law provide for the discharge of a lien upon the filing of a bond. (E.g., §§ 19 [mechanic’s lien], 55 [improvements to real property], 102 [liens on vessels], 142 [lien for labor performed in mining].)
In contrast, the possessory liens set forth in section 183 (the bailee of an animal) and section 184 (garagemen) both contain *410 language similar to that in sections 180 and 188 to the effect that the lien shall exist until the sum owing "is paid”.
In Rudolf v FC Mar. Repair (117 Misc 2d 862 [Sup Ct, Nassau County 1983]), Justice Arthur Spatt (now of the App Div, 2d Dept) denied an application by a boat owner to post a bond to obtain possession of his boat which was being held by a repairman who was asserting a lien pursuant to section 184. In so ruling Justice Spatt stated: "By the terms of this statute, the person making the repairs may retain possession of the boat until the sum due is paid. There is no provision in said statute for the discharge of the lien by the posting of a bond or undertaking. This type of statutory possessory lien is unlike the 'mechanics lien’ which may be conditionally discharged— without discharging the claim — by the substitution of a bond.” (Supra, at 863.)
In Ukryn v Morgan Mar. Base (100 AD2d 649 [3d Dept 1984], appeal withdrawn 62 NY2d 977 [1984]), the court came to a contrary conclusion, stating (at 650): "Although, as Special Term noted, there is no express Lien Law provision for substitution of an undertaking for a possessory lien on a chattel equivalent to that authorizing such a substitution for a mechanic’s lien upon real property, recognition that such procedure is available with respect to a liened chattel is suggested in CPLR 7102 (subd [e]), wherein it is provided that [a] person claiming only a lien on or security interest in the chattel may except to the plaintiff’s surety’ * * * Moreover, in an analogous situation and despite a similar absence of any express statutory authority therefor, the substitution of an undertaking for clients’ papers held under an attorney’s retaining lien has also been sanctioned”.
In a subsequent Third Department case, Reeder v Warner (112 AD2d 677 [1985]), the defendant claimed a stableman’s lien on horses pursuant to section 183 claiming that he was owed approximately $110,000 for boarding the horses and for other fees. Although in plaintiffs replevin action the lienor requested an undertaking of $200,000, the court affirmed an order directing release of the horses upon the filing of an undertaking in the sum of $150,000.
To accept the lienors’ position and permit them to retain possession of the prints until the final determination of the action unless they are paid the full amount allegedly owing would give them an unfair advantage. Since they would be fully protected on their claims by the filing of a surety bond, *411 the court will follow the decisions of the Third Department and direct the release of the film prints upon the filing of a bond providing that the surety will pay the aforementioned claims of Wallach and Optical, plus interest and costs, to the extent that it is adjudicated that either plaintiff or Urban is indebted to either or both lienors. In lieu of such bond, a cash deposit may be made with the clerk in the amount of $150,000.
Although CPLR 7102 (e) requires that an undertaking in a replevin action be in an amount "not less than twice the value of the chattel”, there is no reason herein to require a bond in excess of the specified claims, plus interest and costs. The value of the film prints, which is obviously difficult to ascertain, is not pertinent here in light of the specific claims stated by the lienors.
On consent, the cross motion is granted to the extent it seeks dismissal of the second, third and fifth causes of action. The balance of the relief requested in the cross motion is denied.
Settle order providing for the release of the prints within 72 hours after the filing of the requisite bond or the making of the cash deposit.