OPINION OF THE COURT
Phylis Skloot Bamberger, J.
Defendant was indicted for criminal possession of a con *279 trolled substance in the third degree. Defense filed an omnibus pretrial motion seeking suppression of a statement made by the defendant that he "stole cars for a living”. The defense also sought suppression of 17 vials of cocaine found in a car, or a hearing on the legality of the seizure of the vials. A hearing was ordered on the issue of the admissibility of the statement but denied as to the 17 vials because the defendant failed to show standing. A hearing was begun on April 2, 1990. During the hearing the defense counsel presented a new theory for the claim that the defendant had an expectation of privacy in the car from which the drugs were seized. Counsel asserted that defendant had a mechanic’s lien on the vehicle "while he was working on it which gave defendant ownership until the cost of the repairs [was] made.” The court treated the defense argument as an application to reconsider the issue of standing. Also during the hearing, the prosecutor stated she had no intent to use the defendant’s statement on her direct case, but only to impeach the defendant if he testified. Memoranda were to be filed by counsel by April 25, 1990, on the legal issues of standing and whether the defendant’s statement was admissible to impeach him. None were received from counsel by the date set for decision and the defendant’s motions were denied on May 3, 1990. This opinion sets out the conclusions of the court.*
1. STANDING BASED ON ARTISAN’S LIEN
Counsel’s standing argument raises a claim not previously decided and requires consideration of the New York State Lien Law to determine if a lien exists and whether, if the lien exists, it gives rise to a reasonable expectation of privacy. Section 180 of the Lien Law, codifying the common-law artisan’s or workman’s lien, defines the lien as "A person who makes, alters, repairs or performs work or services of any nature and description upon, or in any way enhances the value of an article of personal property, at the request or with the consent of the owner, has a lien on such article, while lawfully in possession thereof, for his reasonable charges for the work done and materials furnished, and may retain possession thereof until such charges are paid.” The lien *280 creates a possessory interest in the chattel until a debt is paid. The lien lasts as long as the chattel is in the lienor’s possession, unless substitution of surety is permitted. (Angelika Films v Urban Entertainment Assocs., 140 Misc 2d 408 [Sup Ct, NY County 1988].) The lien and possession permit sale of the property pursuant to strict statutory requirements solely for the purpose of raising the money if the debt is not paid. (Lien Law §§ 200-204; Sharrock v Dell Buick-Cadillac, 45 NY2d 152, 161 [1978]; Brackett v Pierson, 114 App Div 281 [3d Dept 1906]; Matter of Tele King Corp., 137 F Supp 633, 634 [SD NY 1955] [relying on New York cases]; 75 NY Jur 2d, Liens, § 27, at 77-79.)
The proof of the lien, like any basis for standing, was upon the defendant. (People v Wesley, 73 NY2d 351, 358-359 [1989].) However, the defense failed to make any offer of proof at the hearing or in writing to establish a lien upon the vehicle from which it is conceded the drugs were seized. First, counsel’s quoted statement was that the work on the vehicle was ongoing at the time of the seizure. However, implicit in law is the principle that the lien arises only when the work giving rise to the duty of payment is complete: the authorities speak unequivocally of work already performed. (Lien Law § 180; Sharrock v Dell Buick-Cadillac, supra; Motor Discount Corp. v Scappy & Peck Auto Body, 12 NY2d 227, 230 [1963]; Matter of United States Extrusions Corp. v Strahs Aluminum Corp., 71 Misc 2d 1016, 1017-1018 [Sup Ct, Nassau County 1972]; 75 NY Jur 2d, Liens, § 27, at 77.)
Second, the aspiring lienor must show the debt is due, and that payment is not based on a credit arrangement or any other delayed payment. (Salant v Pennsylvania R. R. Co., 188 App Div 851, 854 [1st Dept 1919], affd 231 NY 607 [1921]; Matter of United States Extrusions Corp. v Strahs Aluminum Corp., supra, 71 Misc 2d, at 1018; Matter of Tele King Corp., supra, 137 F Supp, at 634; 75 NY Jur 2d, Liens, § 93, at 143.) The defense made no offer concerning the arrangement for payment for the work when and if it was completed.
Third, the lien attaches only for certain kinds of labor. (Brackett v Pierson, 114 App Div 281, supra; Bush v Springall, 36 NYS2d 708 [Sup Ct, NY County 1942]; Sharrock v Dell Buick-Cadillac, supra; Matter of Tele King Corp., supra, 137 F Supp, at 634; see, Motor Discount Corp. v Scappy & Peck Auto Body, supra, 12 NY2d, at 230.) The defense here made no offer concerning the nature of the work that the defendant was to perform on the vehicle.
*281 Finally, the possession must be lawful for the purpose of performing the work for which the lien is claimed; and the lienor must prove the possession is lawful. (Danzer v Nathan, 145 App Div 448, 454 [2d Dept 1911]; 75 NY Jur 2d, Liens, § 28, at 80-81.) Here, counsel’s assertion that defendant was in possession of the vehicle for the purpose of doing work did not substitute for an offer of proof about the legality of the possession, the identity of the owner, and the work that was to be performed.
Not only was a lien not proven, such a lien does not provide standing. The " 'capacity to claim the protection of the Fourth Amendment depends * * * upon whether the person who claims the protection of the Amendment has a legitimate expectation of privacy in the involved place.’ * * * A subjective expectation of privacy is legitimate if it is ' "one that society is prepared to recognize as 'reasonable’ ” ’ ”. (Minnesota v Olson, 495 US —, — L Ed 2d 85, 92 [Apr. 18, 1990], quoting Rakas v Illinois, 439 US 128, 143, 144, n 12 [1978].) To evaluate a claim of expectation of privacy, a property interest in a place or thing is one factor to be examined. "A showing of a possessory or proprietary interest in the item seized by itself, however, is not the determinative factor on the issue of standing.” (People v Rodriguez, 69 NY2d 159, 163 [1987].) The qualities of the possession and not the fact of possession alone are significant. (People v Rodriguez, supra.)
The possessory interest created by the lien is for a single and limited purpose only: to obtain payment for work done. Sale is permissible to obtain payment in accord with the strict provisions of the Lien Law. Even when payment is believed to be available only through sale, the procedures protect the owner’s interest in the property. The lienor is required to give notice of the sale. (See, Sharrock v Dell Buick-Cadillae, supra.) The notice must advise the owner of his continuing opportunity to redeem the property by payment. The notice must also state the debt or the agreement under which the lien arose, with an itemized statement of the claim and the time it was due, a description of the property against which the lien exists, the value of the property and the amount of the lien on the date of notice. (Lien Law § 201.) Only if the lienor establishes the validity of the lien, the judgment fixes the amount of the lien. Yet, even at that point, the property can be redeemed. Indeed, the property can be redeemed at any point prior to the sale. (Lien Law § 203.) Proceeds equal to the amount of the lien and expenses of sale are given to the *282 lienor, but he is entitled to no more than that: the remainder is for the owner or representative or the local government. (Lien Law §204.) The qualities of the lienor’s possession are extremely limited. Use of the property is not authorized; there is only the right to withhold possession from the owner until the latter makes payment for the work done or until the sale of the property is made to cover the money owed. Accordingly, the court rejects an expectation of privacy based on the lien and the motion to suppress items in the car is denied for lack of standing.
2. USE OF STATEMENT TO IMPEACH
During the course of Ehrenzweig’s testimony the prosecutor represented that she had no intention to use the defendant’s statement in the People’s direct case. The prosecutor did state that she would seek to use the statement on cross-examination or rebuttal if the defendant testified and his direct testimony was inconsistent with the statement. Defense counsel’s position was that the statement was inadmissible for all purposes because it was taken without prior Miranda notice, although counsel explicitly stated there was no claim of involuntariness independent of the Miranda issue. Counsel also claimed the statement was not part of the pedigree but was a humorous interchange, that it was not mentioned in any police report and that the statement was not true and therefore it was inadmissible.
The law is clear that a statement which is voluntary but is obtained without prior Miranda notice is admissible to impeach the defendant’s testimony on cross-examination or on the People’s rebuttal case. (Harris v New York, 401 US 222 [1971]; People v Ricco, 56 NY2d 320 [1982]; People v Maerling, 64 NY2d 134 [1984]; People v Meadows, 64 NY2d 956 [1985].)
Counsel’s assertion that the statement was inadmissible for any purpose because it was an attempt at humor, qnd was not made at all, does not justify an advance ruling that it cannot be used by the People on cross-examination or rebuttal. Whether the statement was made and was the truth are matters for the jury to determine.

 The only witness was Police Officer Hugh Ehrenzweig. The hearing was interrupted before completion of the cross-examination of Ehrenzweig. In making this decision, the testimony of Ehrenzweig has not been considered because only legal issues are raised. The testimony is stricken because the cross-exar..lnation was incomplete.