### CAMPBELL v. ABBOTT.

(Supreme Court, Appellate Term. June 30, 1908.)

1. SET-OFF AND COUNTERCLAIM—ASSIGNED CLAIMS—LIVERY STABLE KEEPERS—CARE OF HORSES AND VEHICLES—LIEN.

In an action against a liveryman for the recovery of plaintiff's horse, harness, and trap, defendant, while entitled to set up in defense his claim for the amount due him as livery stable keeper, could not interpose as a counterclaim the amount of certain bills against plaintiff which had been assigned to him.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 43, Set-Off and Counterclaim, §§ 118–122.]

2. LIVERY STABLE KEEPERS—LIEN.

Under Lien Law, Laws 1897, p. 533. c. 418, § 74, giving a livery stable keeper a lien, dependent on possession, on each animal boarded and vehicle kept, for the sum due him for care and keep, the fact that, in an action against a liveryman for the possession of a horse, etc., defendant demanded more than the amount of his lien, did not vitiate the lien.

3. TENDER—SUFFICIENCY.

In an action against a liveryman for the recovery of a horse, etc., on which defendant claimed a lien for the keep thereof, a deposit by plaintiff in court of an amount insufficient to satisfy defendant's enforceable lien, "subject to the acceptance of the same by defendant in full satisfaction of the lien claimed," was a defective tender.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 45, Tender, §§ 21–28.]

4. COURTS—MUNICIPAL COURTS—APPEAL—APPEALABLE ORDERS.

Where, in an action in the Municipal Court to recover chattels, a deposit made by plaintiff was not a proper tender of the amount due defendant, and was not accepted by the latter, the clerk was merely a stakeholder, and not within the purview of the justice's jurisdiction in the action, and no appeal lay from an order denying a motion to return the deposit; the Municipal Court act making no provision for appealing from such an order.

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Joseph Neil Campbell against Oscar B. Abbott for the recovery of chattels. From a judgment for plaintiff, defendant appeals; and from an order denying a motion to return amount of a tender deposited in court, plaintiff appeals. Judgment awarding possession of chattels reversed, and appeal from order dismissed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Alexander & Cohn, for appellant.

William B. Dressler, for respondent.

MacLEAN, J. At the end of August last the plaintiff, for the keep of his horse, harness, and trap, owed for the month $32.50 to the defendant, who refused to let the chattels go out of his stable, and who on September 2d gave the plaintiff a bill for August for that amount. Then the plaintiff tendered the $32.50, but the defendant refused the

money, and· also said he would not deliver the chattels unless paid an additional $63, the sum of two bills assigned him by another liveryman ($54.50) and by a veterinary ($8.50). This action, to recover the chattels, was begun and the chattels were taken by· the marshal the next day. The defendant interposed a "counterclaim" for the items mentioned above and $3.25 besides, for board from August 31st to the date of the replevin. On the trial, September 19th, all this was conceded by stipulation, and the case thereon submitted, with "no dispute as to the amount in question, with the exception of $3.25," which item, however, proved itself from the plaintiff's papers as part of the sum ($35.75) due for keep, and for which the defendant had a lien under the statute.

Although in this action for the recovery of the chattels the defendant might properly set up in defense his justifiable claim for the sum due him as liveryman bailee, he might not interpose as a counterclaim another cause of action on contract. Still there would have been little chance for cavil had a judgment been rendered for the defendant for the sum of $98.75, the amount of the counterclaim factitiously interposed, and possession of the chattels been awarded to the plaintiff, conditioned upon satisfaction of the lien, and otherwise recovery to the defendant of their possession and right of detention until the collection or payment otherwise of the sum awarded to him for his special property in the chattels. Instead, the judgment was wholly against the defendant. Possession of the chattels was awarded the plaintiff absolutely, and costs besides. This was erroneous. The chattels could not be lifted without lifting the lien. In fact, the marshal might have refused to take the chattels, had the plaintiff's affidavit candidly set forth the liveryman's lien. Crocker on Sheriffs, 467. Under the present law, passed since the cases upon which the plaintiff relies, a person keeping a livery stable has a lien, dependent upon possession, upon each animal boarded and vehicle kept, for the sum due him for care and keep, and may detain the animal, vehicle, and harness accordingly until such sum is paid. Lien Law, Laws 1897, p. 533, c. 418, § 74. Demanding more than the amount of his lien did not vitiate the lien, although it might affect the necessity of a tender. The judgment should be reversed, with costs to the appellant.

Between the taking and the trial, namely, on the 11th of September, the plaintiff deposited in court $32.50, the amount of the August bill, "subject to the acceptance of the same by this defendant in full satisfaction of the lien claimed on the chattels." That deposit was insufficient to satisfy the defendant's enforceable lien for $35.75. Coupled, as it was, with a condition that it was subject to acceptance in full satisfaction of the lien, "the tender was defective. It was clearly a tender to be accepted as the whole balance due, which is held bad by all the books. * * * It is not of the nature of a tender to make conditions, terms, or qualifications, but simply to pay the sum tendered as for an admitted debt. Interlarding any other object will always defeat the effect of the act as a tender." Wood v. Hitchcock, 20 Wend. 47. Subsequent to his recovery of judgment, and thus getting the chattels, the plaintiff moved for a return to him of the $32.50, which he called "tendered in court." Of that deposit, not being a proper tender

and not accepted by the defendant, the clerk was merely a stakeholder, and not within the purview of the justice's jurisdiction in this action. The Municipal Court act makes no provision for appealing from such an order. Therefore the appeal here therefrom should be dismissed.

Judgment awarding possession of the chattels is reversed, with costs to the defendant, and the complaint dismissed. Appeal from the order denying the motion that the clerk return the deposit is dismissed.

GILDERSLEEVE, P. J., concurs. SEABURY, J., concurs in result.