Jesse J. Temerson, Respondent, *v.* Esskay Dress Corporation, Appellant.

Supreme Court, Appellate Term, First Department, December, 1922.

Replevin — goods delivered to be manufactured — work, labor and services — artisan's lien — when action will not lie.

A contract between plaintiff and defendant, though in form one for the sale and delivery of dresses, was in fact a contract for work, labor and services on materials furnished to defendant. *Held*, that even though it was agreed in and by said contract that such material should at all times remain the property of plaintiff, the defendant could not be required to deliver any manufactured dresses unless the plaintiff paid the amount of defendant's artisan's lien for the cost of manufacture.

The defendant delivered dresses manufactured under one of three separate orders, which plaintiff did not pay for, claiming that defendant owed him much more than the value of the delivered dresses by reason of the fact that it still had in hand a large quantity of material sent to it on "memo" as per the contract, of a greater value than the agreed price of the dresses delivered. Defendant thereafter failed or refused to make further delivery of dresses either because they were not finished or because plaintiff refused to pay for the dresses on each order as delivered. Three weeks after the last order was given plaintiff began an action in replevin for the dresses which the defendant was required to deliver under said order, and a requisition was issued for the seizure of the property. The defendant by its answer claimed a lien on the material for the agreed price of the dresses over and above the price at which the material which went into the dresses was sent to it. *Held*, that in the circumstances an action for replevin would not lie.

It being clear that plaintiff had failed to prove any right to bring replevin until he had made a demand for the delivery of the material or finished garments

Appellate Term, First Department, December, 1922.    [Vol. 120

and such demand had been refused contrary to the contract, the complaint should either have been dismissed or judgment given fixing the amount of defendant's lien.

Judgment in favor of plaintiff for the value of the material as shown by the " memo " bills under which they were issued to defendant less the agreed price of the dresses actually delivered to plaintiff, reversed, and a new trial ordered.

APPEAL by defendant from a judgment of the Municipal Court of the city of New York, borough of Manhattan, fourth district, in favor of plaintiff.

*Joseph W. Gottlieb,* for appellant.

*Leo Schafran,* for respondent.

LEHMAN, J.  The plaintiff during the month of August, 1921, gave the defendant three separate orders to manufacture dresses for him.  The arrangement between the parties provided that the plaintiff should furnish the material for the dresses to be manufactured by the defendant, that such materials were to be billed to the defendant at agreed prices " on memo," and that the defendant should bill the dresses to the plaintiff when manufactured at an agreed price which should include the value of the goods furnished to the defendant on " memo " by the plaintiff.  It was further agreed that the materials consigned to the defendant should at all times remain the plaintiff's property.

The defendant delivered to the plaintiff dresses manufactured under one of the orders.  The plaintiff did not pay the defendant for the dresses delivered claiming that the defendant owed him much more than the value of the delivered dresses by reason of the fact that he still had on hand a large quantity of materials sent to him on memo of a value greater than the agreed price of the delivered dresses.  The defendant thereafter failed or refused to deliver further dresses to the plaintiff either because they were not finished or because the plaintiff refused to pay for the dresses on each order as delivered.

On the nineteenth day of September, three weeks after the last order was given to the defendant, the plaintiff began an action in replevin for the dresses which the defendant was required to deliver under the order, and a requisition was issued for the seizure of the property.  The defendant interposed an answer claiming a lien on the material for the cost of manufacture, that is, the agreed price of the dresses over and above the price at which the materials which went into the dresses were sent to it.  The plaintiff has now obtained a judgment against the defendant in this replevin action for the value of the materials as shown by the " memo " bills under which they were issued to the defend-

ant less the agreed price of the dresses actually delivered to the plaintiff.

While it may be assumed that the contract between the parties, though in form one for sale and delivery of dresses, was in fact a contract for work, labor and services on the materials furnished to the defendant and the dresses manufactured from those materials were at all times the property of the plaintiff, yet the plaintiff had no right to replevin that property without paying the defendant for the value of its services unless he had an immediate right to possession. Under their contract, the plaintiff had a right to refuse to accept the dresses manufactured out of his material if not made up in accordance with the order and the sample delivered, and perhaps also to reject dresses if delivered too late, and in case of such rejection the defendant would undoubtedly be compelled to pay the plaintiff the price of the goods sent on " memo " and used in the manufacture of the rejected dresses. But if the plaintiff claims not merely the price of the materials delivered to the defendant but actual property in the materials or the dresses manufactured out of the materials he is bound to pay to the defendant the agreed price of the work done on the dresses, or at least the reasonable value thereof. If the contract was one for work, labor and services, the plaintiff is not entitled to the return of the materials furnished by him unless he takes care of the artisan's lien which the law gives to one furnishing the work, labor and services whereby the value of the materials is enhanced.

It is also clear that as long as the materials were in the defendant's possession for the purpose of manufacture, the defendant did not owe the plaintiff the sum at which the goods were consigned on " memo." The defendant was not required in the absence of a special contract to that effect or a custom of trade, to deliver to the plaintiff any merchandise under any of the orders unless the plaintiff paid it the agreed price for the manufacture of the dresses, for by so doing the defendant would necessarily relinquish the lien which the law gives it for the value of its services. When the defendant delivered to the plaintiff dresses under the first order, the plaintiff in the absence of such contract or custom — and no such contract or custom was proven — had no right to refuse to pay the defendant the agreed price of the dresses over and above the material in such dresses upon the plea that the defendant owed him a larger amount for other materials shipped on " memo " to the defendant, for any claim that the defendant owed such moneys is inconsistent with the plaintiff's claim that the materials still were his property.

The arrangement of the parties as stated in the brief of the

plaintiff's attorney was as follows: " The jobber, that is, the plaintiff herein, charges the contractor with the cost of merchandise and samples so delivered, to the contractor the defendant, appellant herein, and the contractor charges the jobber with the completed merchandise so delivered him, and the difference of the accounts between the parties must be paid by one party to the other." Under such a contract, assuming that it is one for work, labor and services, the plaintiff could not require the defendant to deliver any manufactured dresses unless the plaintiff paid the amount of the defendant's lien.

At the time when the plaintiff attempted to replevin the dresses manufactured out of the remainder of his materials, he was, therefore, in the position of having refused to pay for dresses previously delivered on the ground that the defendant owed him for a larger amount for materials consigned to the defendant, and yet was claiming to be the owner of those materials and even was demanding the return of the manufactured materials without any tender to the defendant of the price he agreed to pay for their manufacture.

It seems to me quite obvious that an action for replevin will not lie under such circumstances. The defendant had not appropriated the materials to its own use contrary to the terms upon which they had been consigned to it. At most, it had failed to return the materials in a manufactured state within the agreed or reasonable time. If the plaintiff had ground to reject the dresses if tendered late, then the defendant would be obliged to pay the plaintiff the price of the goods sent to it on " memo," but the plaintiff would thereby lose his property in the goods. If by reason of any default in the performance of the contract by the defendant the plaintiff desired to rescind the contract and to take possession of his own materials, he could do so only if the breach by the defendant was so material as to justify a rescission, and in the present case there would be no rescission of the contract for failure to deliver within a reasonable time without a previous notice fixing a time for delivery. *Taylor* v. *Goelet,* 208 N. Y. 253; *Trainor Co.* v. *Amsinck & Co., Inc.,* 199 App. Div. 693.

In the present case there was no notice of intention to rescind nor any notice requiring the defendant to make delivery within a fixed time.

Under these circumstances, it seems entirely clear that the plaintiff has failed to prove any right to replevin the goods until he had made a demand upon the defendant for the delivery of the materials or finished garments, and such demand had been refused contrary to the provisions of the contract, and the complaint

should either have been dismissed or judgment given fixing the amount of the defendant's lien.

Judgment reversed and new trial ordered, with thirty dollars costs to appellant to abide the event.

McAVOY and WAGNER, JJ., concur.

Judgment reversed.