LAWRENCE P. MINGEY, Administrator, Plaintiff, *v.* QUEENSBORO STORAGE WAREHOUSE, INC., Defendant.

Municipal Court of New York, Borough of Manhattan, First District, November 14, 1938.

*C. E. Sutherland [Lawrence P. Mingey* of counsel], for the plaintiff.

*Hyman & Segall,* for the defendant.

GENUNG, J. This is an action for replevin of certain household goods stored by the plaintiff in his capacity as administrator. The defendant is a warehouse company. It pleads a general denial, alleges as an affirmative defense the existence of a warehouseman's lien in its favor against the property, and sets up a counterclaim for the amount of its storage charges.

It appears undisputed that the property in question was stored with defendant after the death of the plaintiff's testator, to wit, February 24, 1938; that its value exceeds the amount of defendant's charges; nor does it appear disputed or improper in such a case to raise the issues here raised by counterclaim. (Civ. Prac. Act, §§ 262–266; *Scognamillo* v. *Pasarelli,* 210 N. Y. 550, revg. 157 App. Div. 428.)

First it would seem that the major contention of the plaintiff is that the court has no jurisdiction to determine specifically the validity of the lien asserted by defendant as well as other issues for the reason that such issues are properly to be determined in the Surrogate's Court of the plaintiff's appointment. Section 6 of the Municipal Court Code specifically gives this court jurisdiction of " actions when the amount claimed in the summons

does not exceed one thousand dollars, exclusive of interest and costs * * * an action to foreclose a lien on a chattel." Similarly, under article 3 of title 3 (§§ 57–69) of the Municipal Court Code an action for replevin will lie. The plaintiff properly sought the jurisdiction of this court for his replevin suit and the defendant properly pleaded its warehouseman's lien. Accordingly, this court has acquired jurisdiction of the issues raised and a trial has been had thereon. It is held that when this court thusly assumes juridiction it can only be divested thereof by the Surrogate's Court pursuant to subdivision 9 of section 40 of the Surrogate's Court Act, and then only when in the discretion of the surrogate, such a transfer will facilitate the disposal of the proceeding or serve the interest of justice. In *Matter of LeBlang* (N. Y. L. J. Sept. 30, 1936, p. 929) Surrogate DELEHANTY said: " Since the Municipal Court has acquired jurisdiction over the issue presented by this application, the court will deny it but without prejudice to the right of petitioner to apply for transfer of the Municipal Court action to this court if the disposal of any pending proceeding will be facilitated by such removal." To the same effect are the cases of *Matter of Levine* (153 Misc. 109) and *Matter of Burza* (Id. 112).

Consequently, the parties having submitted themselves to this court, and a trial having been had, and it having been shown that the plaintiff is probably administering an insolvent estate and there having been no order made transferring the matter herein, this court will retain jurisdiction. Nor does this court feel that under the above facts and in view of the proximity to judgment and final disposition of this case it will in any way serve the interest of justice to have this case transferred.

Plaintiff contends defendant has no lien for its charges. Outside the question of jurisdiction, it is not clear either from the pleadings or the proof why this contention is made. On the trial it was brought out that at the commencement of the replevin action defendant was in the process of enforcing its lien. Plaintiff questioned the validity of defendant's method of enforcement. The question is unimportant because it was never enforced. Defendant in this action *pleads as a defense* the present existence of his warehouseman's lien and rightly so. Aside from the power of the administrator to store estate property and subject the estate to a preferential administration expense, the statute clearly gives a lien enforcible on any property stored with the warehouseman and does not exempt therefrom the property stored by an administrator. (Gen. Business Law, § 113.) There is no allegation or proof of lack of good faith on defendant's part, nor any fact which

would indicate that the plaintiff was acting beyond his authority. Section 116 of the General Business Law provides: " A warehouseman having a lien valid against the person demanding the goods may refuse to deliver the goods to him until the lien is satisfied." Since plaintiff had no immediate right to possession as against the defendant because of the lien of the defendant, plaintiff's replevin action will not lie. In *Bernheimer* v. *Hartmayer* (50 App. Div. 316, 318) the court said, regarding plaintiffs in a replevin action: " As already indicated, to entitle them to recover they must prove that they were entitled to the possession at the time the demand was made, and if the defendant then had a lien, they had no such right."

In *Temerson* v. *Esskay Dress Corp.* (120 Misc. 55) there was a contract between plaintiff and defendant whereby the latter was to manufacture dresses from materials furnished by the former. The contract provided that title to the materials should at all times be in the plaintiff. In a replevin action of plaintiff's for the dresses, defendant claimed an artisan's lien, and Mr. Justice LEHMAN, then sitting in the Appellate Term, First Department, said (at p. 58): " Under such a contract, assuming that it is one for work, labor and services, the plaintiff could not require the defendant to deliver any manufactured dresses unless the plaintiff paid the amount of the defendant's lien."

Other cases to the same effect are *Brooklyn Ash Removal Co., Inc.,* v. *Connell* (173 App. Div. 5); *Austin, Nichols & Co., Inc.,* v. *Heermance S. & R. Co.* (199 id. 626); *Heyward* v. *Maynard* (119 id. 66).

The court finds that while the proof shows value of the chattels sought to be replevined is in excess of amount of defendant's lien, nevertheless, it is insufficient to show the value of all the property and goods stored with defendant. Accordingly, the amount of defendant's lien is fixed at $270, representing the value of the special property of the defendant in the chattels which are the subject of suit, and judgment is awarded accordingly.