Joseph Life, J.
This is a motion for partial summary judgment in an action seeking recovery of chattels consisting of stock certificates and stock transfer and minute books of the plaintiff corporation. The defendants, who are attorneys, have interposed an affirmative defense alleging that possession of the records is being retained as security for the payment of legal services rendered to the corporation. Requisition of the chattels remains unsatisfied upon the defendants ’ refusal to release the property to the Sheriff.
*513 The common law affords an attorney the same advantages given to other workmen to retain things upon which he has worked until paid for his labor (Goldman v. Rafel Estates, 269 App. Div. 647, 649). This so-called retaining lien of an attorney attaches to property of the client in his possession (Matter of Cooper, 291 N. Y. 255, 260), and release of the property can only be directed where the fee of the attorney is paid or adequate security is posted to insure payment (Leviten v. Sandbank, 291 N. Y. 352, 358). Formerly, a chattel held pursuant to an artisan’s lien could not be requisitioned in a replevin action (Temerson v. Esskay Dress Corp., 120 Misc. 55; Mingey v. Queensboro Stor. Warehouse, 169 Misc. 347), but the rule today is otherwise (Feldman v. Diak, 229 N. Y. S. 2d 147, 151). Under the present practice, a person claiming only a lien on a chattel may not reclaim It (CPLR 7103, subd. [a]). While the statute thereby extinguishes the lien, it does not destroy the means for enforcement of a lienor’s rights. Although a lienor may not reclaim the chattel, he may except to the plaintiff’s surety (CPLR 7102, subd. [e]), and secure a sufficient bond to insure payment for his work (CPLR, 2506, 2508; Feldman v. Diak, supra, p. 151).
The defendants in this case failed to except to the plaintiff’s surety, and they cannot be heard to complain that their rights are impaired. Their refusal, moreover, to deliver the chattels to the Sheriff upon proper service on them of the required papers (CPLR 7102) was not legally justified. The motion is accordingly granted, and possession of the enumerated chattels is awarded to the plaintiff pursuant to subdivision (a) of 7108 and subdivision (b) of 7109 of the CPLR.