■ FRANKLIN NATIONAL BANK et al., Appellants-Respondents, v ST. PAUL FIRE AND MARINE INSURANCE COMPANY, Respondent-Appellant.—Order, Supreme Court, New York County, entered March 2, 1976, which, *inter alia,* denied summary judgment to the defendant, insofar as appealed from, affirmed, without costs or disbursements. Order, Supreme Court, New York County, entered April 22, 1976, granting leave to reargue and upon reargument denying plaintiffs' motion for summary judgment and defendant's cross motion for summary judgment, affirmed, without costs or disbursements. Jewelry Unlimited Manufacturing Company (Jewelry) sustained a burglary loss of over $213,000 on July 26, 1969. It pressed its claim with the St. Paul Fire and Marine Insurance Company, which was rejected.* St. Paul had issued a policy of insurance to Jewelry on an annual basis for many years; however, on the anniversary date of the policy on June 29, 1969, a

---

* This suit was instituted by Franklin National Bank and Chelsea National Bank as assignees of that claim.

binder of one month's duration only was issued incorporating the terms of the previous year's policy. St. Paul's practice required that after issuance of a binder the insured was to submit to it a "proposal," which was a detailed account of the inventory of the insured prior to issuance of the actual policy of insurance. It was in this twilight zone—betwixt the issuance of the binder and the policy—that the burglary took place. The binder provided, *inter alia,* that the insurance afforded was "Subject to proposal form signed by the Insured dated to come and to the St. Paul Fire and Marine Insurance Company's Jewelers' Block Policy." The proposal dated July 22, 1969 was submitted to St. Paul which, in turn, submitted the proposal on December 9, 1969 to the Inland Marine Insurance Bureau for rating. When St. Paul was notified in July, 1969 of the burglary, it assigned an accountant to verify Jewelry's claim. The accountant submitted a written report dated November 14, 1969 to St. Paul, indicating that the accuracy of the records of Jewelry was in doubt. Jewelry maintained that the discrepancies found were based on fluctuations in the price of gold. After receipt of this report, St. Paul nonetheless issued to Jewelry a policy of insurance countersigned on December 18, 1969 confirming coverage from June 29, 1969 through August 15, 1969, inclusive. By letter dated July 14, 1970, St. Paul rejected Jewelry's claim based on alleged "misrepresentations and misstatements contained in the proposal for insurance; and (2) false swearing as to material matters relating to the investigation of the claim." This suit was instituted by Jewelry's assignees against St. Paul and, after joinder of issue, both parties moved for summary judgment. Special Term in its order of March 2, 1976 granted summary judgment to plaintiffs and denied summary judgment to the defendant. Special Term subsequently granted reargument and, upon reargument, denied summary judgment to both the plaintiffs and the defendant in an order entered April 22, 1976. Defendant appealed from so much of the order of March 2, 1976 denying summary judgment as to it, and both plaintiffs and the defendant have appealed from the order of April 22, 1976 denying summary judgment to either of them. We would affirm the denials of summary judgment. Issues of fact requiring a plenary suit abound, including but not limited to the question of whether there was a material misrepresentation; whether the issuance of the policy countersigned December 18, 1969 operated as a waiver; and whether Jewelry did in fact maintain a detailed inventory as required by the terms of the policy of insurance. Concur—Stevens, P. J., Lupiano, Lane and Lynch, JJ.; Kupferman, J., dissents in the following memorandum: Kupferman, J. (dissenting). I would modify to grant summary judgment for the plaintiff on the original memorandum decision dated January 30, 1976 of Hughes, J., at Special Term.