■ EUGENE UKRYN et al., Appellants, v MORGAN MARINE BASE, INC., Respondent. — Appeal from an order of the Supreme Court at Special Term (Walsh, Jr., J.), entered October 7, 1983 in Warren County, which denied plaintiffs' motion pursuant to CPLR 7102 for an order of seizure of plaintiffs' motorboat. ¶ In September, 1982, plaintiffs brought their boat to defendant's marina for an estimate of the cost of certain repairs. They were given a written estimate of some $3,875 and left the boat to have the work done. Repairs were made over the winter and in July, 1983, plaintiffs were given a bill for the completed job in a sum exceeding $11,300. Plaintiffs protested the excessiveness of the bill over the original estimate; defendant countered by asserting that after the estimate was made, additional work was ordered on plaintiffs' behalf. During the course of their discussions, defendant sent a second bill for over $13,000. It refused to turn over possession of the boat, claiming a repairer's lien under section 184 of the Lien Law, and threatened to impose additional charges for storage and interest on the unpaid balance. Plaintiffs through their attorney then tendered payment in full of $7,500 for the return of the boat. When this was refused, plaintiffs commenced the instant action to recover their boat (CPLR art 71) and brought on a motion for an order of seizure (CPLR 7102), accompanied by a surety company's undertaking in the sum of $48,000. Defendant answered the complaint and opposed the motion for seizure on the basis of its right to retain possession of the boat to satisfy its lien. It also interposed a counterclaim for its full charges. Special Term denied plaintiffs' motion and this appeal ensued. ¶ In our view, plaintiffs were entitled to an order of seizure under CPLR 7102, defendant's claim being clearly adequately secured by the undertaking. Special Term reached a contrary conclusion, mainly in reliance on CPLR 7102 (subd [d]), which provides that the granting of an order of seizure is dependent upon the court's finding that "it is probable the plaintiff will succeed on the merits". Some amount was admittedly due for the repairs. Therefore, Special Term reasoned, defendant had a valid lien under section 184 of the Lien Law and hence, until the lien was satisfied, it had a superior right to possession defeative of plaintiffs' claim. Special Term also relied upon the absence of any specific statutory authority in the Lien Law providing for the discharge of a statutory possessory lien upon a chattel through the substitution of a bond, comparable to that provided for the discharge of a mechanic's lien on real property (Lien Law, § 19, subd [4]), and concluded that plaintiffs' sole remedy for challenging the amount of the charges was through a hearing in a special proceeding as provided under section 201-a of the Lien Law. ¶ We disagree with Special Term's conclusions. Section 184 of the Lien Law was originally enacted in 1909 (L 1909, ch 38) and is a statutory declaration of the common-law artisan's possessory lien (*Sharrock v Dell Buick-Cadillac,* 45 NY2d 152, 161). Not long after that enactment, replevin was clearly recognized as an appropriate remedy to recover possession of the chattel detained by a garageman where the charge for repairs was in dispute and where the owner had tendered payment in the amount he claimed was properly due (*Ledwell v Entire Serv. Corp.,* 224 App Div 433, affd 252 NY 548; *Rush v Wagner,* 184 App Div 502; *Dininny v Reavis,* 100 Misc 316, affd 178 App Div 922). It was held that if the amount tendered is ultimately determined to have been sufficient to satisfy the debt, the lien is thereby discharged. As stated in *Dininny v Reavis* (*supra,* p 317): "the condition precedent to the garage keeper's right either to detain the property or to sell it

is the fact that the sum which he claims is actually and rightfully due, and the statute gives him no right and no protection if he makes a wrongful claim. The owner of the property in either case, if he disputes the amount due, is afforded by law many remedies. He can tender the amount, if any, which he claims that he owes and replevy the property from the possession of the lienor if he then refuses to surrender it." It is noteworthy that, although the Court of Appeals in *Sharrock v Dell Buick-Cadillac (supra)* held that the Lien Law's provisions for retention and sale of a repaired chattel failed to satisfy State procedural due process, the court cited the *Dininny* case for the proposition that an action to recover the chattel was an available remedy (*Sharrock v Dell Buick-Cadillac, supra,* p 165). ¶ As the foregoing cases establish, once tender is made, the fact that the repairer claims a higher amount is due merely serves to create an issue of fact as to which of the parties has the superior right to possession. But this alone does not prevent the granting of an order of seizure under CPLR 7102, accompanied by an undertaking sufficient to satisfy the lienor's claim (see *Staff v Hemingway,* 47 AD2d 709; *Potolski Int. v Hall's Boat Corp.,* 281 App Div 787; *IDS Leasing Corp. v Hansa Jet Corp.,* 82 Misc 2d 741, affd 51 AD2d 536). ¶ Although, as Special Term noted, there is no express Lien Law provision for substitution of an undertaking for a possessory lien on a chattel equivalent to that authorizing such a substitution for a mechanic's lien upon real property, recognition that such procedure is available with respect to a liened chattel is suggested in CPLR 7102 (subd [e]), wherein it is provided that "[a] *person claiming only a lien* on or security interest in the chattel may except to the plaintiff's surety" (emphasis added). Moreover, in an analogous situation and despite a similar absence of any express statutory authority therefor, the substitution of an undertaking for clients' papers held under an attorney's retaining lien has also been sanctioned (*Leviten v Sandbank,* 291 NY 352, 357-359; *Hicksville Hall Corp. v Haber,* 43 Misc 2d 512, 513). Finally, we likewise reject defendant's argument, also adopted by Special Term, that the hearing procedure created by section 201-a of the Lien Law is plaintiffs' exclusive remedy. That section, apparently enacted in response to the holding by the Court of Appeals in *Sharrock v Dell Buick-Cadillac (supra)* (see L 1980, ch 715, as amd by L 1982, ch 119, § 2), merely adds an alternative remedy for summary adjudication of disputes over the validity of liens and of the charges secured thereby. It neither expressly nor impliedly eliminates existing remedies such as replevin. ¶ For the foregoing reasons, Special Term's order should be reversed, with costs, the order of seizure granted conditioned upon the giving of the undertaking. ¶ Order reversed, on the law, with costs, and motion granted conditioned upon the giving of the undertaking. Mahoney, P. J., Casey, Weiss and Levine, JJ., concur.