■ WENDELL REEDER, Appellant, v ROBERT W. WARNER et al., Respondents.—Harvey, J. Appeals (1) from an order of the Supreme Court at Special Term (Conway, J.), entered February 5, 1985 in Columbia County, which, *inter alia,* denied plaintiff's motion for partial summary judgment, and (2) from an order of said court, entered April 10, 1985 in Columbia County, which ordered plaintiff to post an undertaking in lieu of defendants' lien upon plaintiff's horses.

In December 1983, the parties entered into an oral agreement for the boarding of 34 thoroughbred horses owned by plaintiff. A dispute arose as to the original intention of the parties pursuant to the agreement. Plaintiff claims that defendants agreed to sell the horses while defendants assert only a promise to board the horses.

In December 1984, defendants served plaintiff with a notice of sale pursuant to Lien Law § 201, claiming that they were owed boarding and other fees of $110,777.09. Plaintiff elected not to proceed with the remedy set forth in Lien Law § 201-a and, instead, obtained a bond in the amount of $125,000 (CPLR 7102 [e]). At the same time, plaintiff commenced an action for replevin of the horses and damages predicated on breach of contract and fraudulent misrepresentation. By order to show cause, plaintiff was granted a temporary restraining order staying the sale, and sought to compel defendants to accept his surety bond which they refused to do. Defendants then cross-moved for dismissal of plaintiff's complaint.

Before the first motion was decided, plaintiff moved for partial summary judgment permitting replevin of five specifically identified horses upon payment of the individual boarding bills of those horses. Defendants had refused to release any horses until the bills for all horses had been paid. Special Term denied both of plaintiff's motions and authorized the lien sale to proceed. Defendants' cross motion to dismiss the replevin and damage actions was also denied.

By order dated February 26, 1985, this court granted plaintiff a stay pending appeal. By order of April 2, 1985, we denied defendants' motion to vacate the stay. Defendants thereafter moved by order to show cause for an order compelling plaintiff to post an undertaking of at least $200,000. Special Term ordered plaintiff to post an undertaking in the amount of $150,000 on or before a particular date. That order is also before us on appeal.

Before the court at this time are two issues: the first involves the proper security to bring about the release of all of the horses, while the second involves whether defendants should be compelled to release individual horses upon the payment of their respective board bills.

It appears that defendants now correctly concede that plain-· tiff may properly post an undertaking to secure defendants' lien (see, *Ukryn v Morgan Mar. Base,* 100 AD2d 649, 650). The original undertaking in the amount of $125,000 was never filed in the office of the clerk of the court having jurisdiction as required by CPLR 2505. Consequently, defendants' failure to except to the sufficiency of the undertaking under CPLR 2506 (b) does not bar defendants from seeking an order establishing the amount of the undertaking. Special Term set the undertaking in the amount of $150,000. In their appeal from that order, defendants do not contest the amount of the bond, but only that portion of the order which established a deadline for the filing of same. Consequently, we conclude that the filing of an appropriate undertaking in the amount of $150,000 would entitle plaintiff the right of repossession of his horses.

Although there exist limited, noncontrolling interpretations of Lien Law § 183 which view a stableman's lien as specific as to each animal, we decline to find the lien in the instant case anything other than general as to the entire group of horses involved (35 NY Jur, Liens, § 3, at 192). From the record, it appears that the five horses which plaintiff sought to replevy have a significantly higher value than many of the other animals. Allowing plaintiff to pay only the charges allegedly due defendants on individual horses would, in effect, permit him to undermine and vitiate defendants' lien which was based on the disputed oral contract (see, *Campbell v Abbott,* 60 Misc 93). It would be an act of inequity to so undermine defendants' security interest pending a full litigation of the disputed claims (20 NY Jur, Equity, § 33, at 50-52 [rev ed]).

Addressing ourselves to the April 10, 1985 order of Special Term, we affirm the establishment of the undertaking in the amount of $150,000. However, we must reverse and vacate that portion of the order which established a deadline for the filing of the undertaking. At the time of that determination, the proceedings herein were governed by a stay issued by this court. Special Term was without authority to issue an order nullifying that stay during consideration of the merits of the appeals being entertained (*Miller v Miller,* 109 Misc 2d 982, 983; *Himes v Stalker,* 99 Misc 2d 610, 616).

Orders modified, on the law, without costs, by permitting the substitution of an undertaking in the amount of $150,000 for the stableman's lien claimed herein; matter remitted to Special Term to establish a deadline for the filing of an undertaking in the amount of $150,000; and, as so modified, affirmed. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.