■ JAMES CHAMPION, Respondent, v DAN WILSEY, Individually and Doing Business as DAN WILSEY RACING STABLE, Appellant, et al., Defendant.—Harvey, J. Appeal from an order of the Supreme Court at Special Term (Cerrito, J.), entered June 29, 1984 in Saratoga County, which denied defendant Dan Wilsey's motion for summary judgment dismissing the complaint against him.

Plaintiff and defendant Peter J. Skocigoric were joint owners of two standardbred racehorses. In an effort to settle a disagreement over the payment of past and prospective maintenance costs for the horses, the parties entered into a stipulation. The stipulation provided, inter alia, that if plaintiff and Skocigoric were unable to reach an agreement by October 27, 1982, the horses would be sold at the best price available.

In his complaint, plaintiff alleges a conspiracy between Skocigoric and defendant Dan Wilsey, a stableman and trainer, whereby the latter two allegedly conspired to conceal the location of the horses from plaintiff, intending to permanently deprive him of his ownership interest. The instant action was commenced after plaintiff had received a notice of lien sale pursuant to Lien Law § 201-a. Rather than pursue whatever remedy was available under the Lien Law, plaintiff commenced the instant action alleging causes of action in conversion and fraud. Because the horses had been sold at the sale and purchased by Skocigoric, plaintiff also set forth a cause of action in his complaint seeking a declaratory judg-

ment holding the lien sale to be void and illegal, and further enjoining Skocigoric from registering the horses with the United States Trotting Association in his name as sole owner.

Thereafter, Wilsey moved for summary judgment dismissing plaintiff's complaint alleging, primarily, that since plaintiff failed to utilize the remedy set forth in Lien Law § 201-a, he is estopped from contesting or obtaining relief from the results of the lien sale. Plaintiff opposed Wilsey's summary judgment motion asserting that Lien Law § 201-a did not comprise plaintiff's exclusive remedy and that Wilsey's motion lacked proper evidentiary support. Special Term denied Wilsey's motion and this appeal ensued.

In denying the summary judgment motion, Special Term held that the provision contained in Lien Law § 201-a, regarding the commencement of a special proceeding to determine the validity of a lien, was permissive and not mandatory. Thus, Special Term reasoned, and we agree, that plaintiff is not foreclosed from pursuing other available remedies such as an action in conversion or replevin. This court has enunciated that position in two recent decisions (Reeder v Warner, 112 AD2d 677; Ukryn v Morgan Mar. Base, 100 AD2d 649, 649-650). For that reason alone, Wilsey's summary judgment motion was properly denied. Were we not denying the motion on this basis, we would deny it on the ground that Wilsey failed to support the motion with evidentiary proof in admissible form sufficient to warrant judgment in his favor (see, Zuckerman v City of New York, 49 NY2d 557). While an attorney's affirmation submitted on a summary judgment motion may in some instances be sufficient, here it is not (see, Russo Realty Corp. v Licari, 98 AD2d 745). Wilsey's attorney had personal knowledge of only a limited portion of the facts necessary to be considered in determining a summary judgment motion. Further, the attorney's affirmation consists primarily of legal conclusions and is itself insufficient to support a motion pursuant to CPLR 3212 (Mack v Arnold Gregory Mem. Hosp., 90 AD2d 969).

Order affirmed, with costs. Main, J. P., Weiss, Yesawich, Jr., Levine and Harvey, JJ., concur.