■ DIAMOND DEN, LTD., Appellant, v JEFFERSON INSURANCE COMPANY OF WESTERN NEW YORK, Respondent.—Order and judgment unanimously reversed on the law with costs and motion denied. Memorandum: In this action by plaintiff to recover for a burglary loss, Special Term erred in granting defendant insurer summary judgment on the ground that plaintiff failed to maintain a detailed and itemized inventory as required under condition 8 (A) of the policy. It is well settled that only substantial compliance with such a clause is required *(see,* 5 Appleman, Insurance Law and Practice § 3021, at 118; 30 NY Jur, Insurance, § 1041, at 417-418). Here there is an issue of fact as to whether plaintiff substantially complied with this requirement by maintaining an annual inventory and by supplementing it with invoices of subsequent purchases and sales *(see, Franklin Natl. Bank v St. Paul Fire & Mar. Ins. Co.,* 55 AD2d 579, 580; *see also,* 5 Appleman, Insurance Law and Practice § 3025, at 156). Moreover, defendant's reliance upon an affidavit by its attorney, who lacked personal knowledge of the facts, is misplaced since such an affidavit lacks probative value *(see,* CPLR 3212 [b]; *Champion v Wilsey,* 114 AD2d 630, 631; *lv dismissed* 66 NY2d 606; *Mack v Gregory Mem. Hosp.,* 90 AD2d 969; *cf., Caramanica v State Farm Fire & Cas. Co.,* 110 AD2d 869). We have considered the other claims raised by the defendant and find them lacking in merit. (Appeal from order and judgment of Supreme Court, Erie County, Ostrowski, J.—summary judgment.) Present—Callahan, J. P., Doerr, Green, Pine and Davis, JJ.