*750 OPINION OF THE COURT
Alice Schlesinger, J.
This case presents the novel issue whether a landlord can enforce a money judgment for attorney’s fees obtained in a Housing Part nonpayment proceeding by utilizing the Lien Law to sell the shares allocable to the shareholder-tenant’s apartment, and thereby establishing a basis for terminating the tenant’s lease and evicting her, when possession could not be obtained in the Housing Part based on the judgment. Background Facts
Petitioner Daveda Travis owns the shares allocable to her apartment No. 10 at 29 Convent Avenue, along with her former companion Felix Alfred. Ms. Travis resides in the apartment with their 13-year-old daughter. Mr. Alfred vacated the apartment and ceased contributing to the monthly maintenance (rent) nearly 10 years ago but, according to Ms. Travis, insists that his name remain on the shares and proprietary lease. The landlord and building owner is 29-33 Convent Avenue HDFC (the landlord).
In February 2007, the landlord sent Ms. Travis a document entitled “Notice of Sale to Owner of Personal Property to Satisfy Lien” notifying her that her shares would be sold at public auction to satisfy the landlord’s lien. The lien was based on a money judgment for $3,500 for attorney’s fees which had been awarded by the Housing Part of the Civil Court in January 2005 in a nonpayment proceeding, plus $1,845 in rent arrears which had allegedly accrued thereafter for the period August 2006 through January 2007.
Ms. Travis then commenced this proceeding, representing herself, and asked the court to stay the sale and vacate the lien. She indicated in her papers that she was moving in Civil Court to modify the stipulation which had led to the $3,500 judgment because she had understood that it could not result in her eviction. She further claimed that the landlord had failed to properly credit all her rent payments and had also failed to provide the requisite notice before seeking to enforce the judgment.
In response, the landlord cross-moved to dismiss the proceeding. Counsel confirmed that Ms. Travis had signed a stipulation in a nonpayment proceeding which the landlord had commenced against Ms. Travis and Mr. Alfred. The stipulation, “So Ordered” by Judge Laurie Lau on January 27, 2005, stated in relevant part that: “monetary judgment is awarded to petitioner, *751 on consent, in the sum of $3500.” The stipulation provided a schedule for the payment of the $3,500 in monthly installments. At the time the stipulation was signed, no rent was due and owing, and it is undisputed that the $3,500 represented attorney’s fees only, the amount having been stipulated to by Ms. Travis representing herself. While Ms. Travis’s cotenant and fellow shareholder Felix Alfred was named as a respondent in the proceeding, he did not sign the stipulation, and it appears that he defaulted in the proceeding. When Ms. Travis failed to pay the judgment amount within the time provided, the landlord commenced a nonjudicial foreclosure proceeding pursuant to Lien Law § 200 by allegedly sending a notice of sale to Ms. Travis at the apartment and one to Mr. Alfred at his residence on Bradhurst Avenue.
The Landlord’s Motion to Dismiss
In its motion to dismiss this proceeding, the landlord claims that this proceeding is untimely, as it was commenced 28, rather than 10, days after service of the notice of sale as required by Lien Law § 201-a. Counsel also contends that Ms. Travis failed to join a necessary party, her cotenant Felix Alfred. Lastly, the landlord asserts that the lien is valid because the debt is outstanding and the Civil Court stipulation stated that “petitioner may utilize any mechanism to enforce the judgment.”
Ms. Travis then obtained counsel to appear pro bono on her behalf and vigorously opposed the landlord’s motion. She argues that compliance with the 10-day rule is not required here, that the landlord has failed to comply with the notice provisions in the lease and the stipulation, and that the landlord cannot complain about the nonjoinder of Mr. Alfred when Mr. Alfred did not sign the Housing Part stipulation which formed the basis for this proceeding. In addition, Ms. Travis asserts that it would be inequitable to allow the stipulation to lead to her eviction when such a result was prohibited in the Housing Part because the judgment for attorney’s fees was nonpossessory and for money only. When the landlord replied that the tenant could not collaterally attack the Housing Part stipulation, the matter was adjourned pending the decision by Judge Lau on the tenant’s motion to vacate the stipulation.
In a lengthy decision and order dated July 11, 2007, Judge Lau denied the tenant’s motion to vacate the stipulation, finding that the stipulation was not inherently unsound. And while Judge Lau did note that the stipulation could not be enforced in *752 the housing court to evict the tenant, she declined to comment on whether the landlord could proceed with its notice of sale, stating that: “Whether the petitioner’s bylaws would permit the sale of shares to enforce such a judgment is a question this court cannot answer.” This court then asked counsel to brief the issue whether the landlord could enforce the monetary judgment for attorney’s fees by utilizing the Lien Law to sell the shares allocable to the shareholder-tenant’s apartment and thereby establishing a basis for terminating the tenant’s lease and evicting her, when possession could not be obtained in the Housing Part based on the judgment. Before turning to those arguments, it is appropriate to determine the threshold issues raised in the landlord’s motion to dismiss.
This court declines to dismiss Ms. Travis’s petition as untimely. Lien Law § 201-a, relied upon by the landlord, states in relevant part that: “Within ten days after service of the notice of sale, the owner or any person entitled to notice . . . may commence a special proceeding to determine the validity of the lien.” The language is “permissive and not mandatory [and Ms. Travis] is not foreclosed from pursuing other available remedies” (Champion v Wilsey, 114 AD2d 630, 631 [3d Dept 1985], appeal dismissed 66 NY2d 606 [1985]). Here, Ms. Travis primarily seeks a permanent injunction staying the landlord from selling the shares allocable to her apartment, a remedy not subject to the 10-day rule cited by the landlord.
Dismissal based on untimeliness under Lien Law § 201-a is further inappropriate because the landlord has not established its own compliance with the highly technical statutory requirements in Lien Law § 201 for service of the notice of sale. The landlord’s motion includes (as exhibit 7) an affidavit from a process server attesting that he was unable to serve Ms. Travis personally at her residence on Convent Avenue after due diligence and (as exhibit 8) an affidavit of mailing to Felix Alfred at his address on Bradhurst Avenue. No affidavit is provided to attest to the statutorily required mailing of the notice to Ms. Travis at her residence by certified mail or with a certificate of mailing. Nor has the landlord established its compliance with the notice provisions in the stipulation which led to the judgment at issue.
Moreover, at or about the time the notice was issued, the landlord’s counsel sent Ms. Travis a letter dated February 8, 2007, advising her that she had 30 days to dispute the debt. In accordance with the directions in the letter, Ms. Travis did *753 dispute the debt in writing within 30 days, and she commenced this proceeding soon thereafter when she was unable to resolve the matter with the landlord’s counsel on her own. This certainly created confusion in Ms. Travis’s mind as to which time constraint applied.
The court also denies that part of the landlord’s cross motion which seeks to dismiss this proceeding pursuant to CPLR 1001 for failure to join a necessary party, namely, Felix Alfred. The relief which Ms. Travis seeks herein is not adverse to Mr. Alfred’s interests in any way, as she seeks to preserve and protect title to the shares which Mr. Alfred co-owns. If Mr. Alfred’s joinder is “necessary,” then the landlord should have joined him, as it is the landlord who seeks to sell Mr. Alfred’s shares and compromise his rights to the apartment.
The court now turns to the central issue in this case: whether the landlord can enforce the money judgment for attorney’s fees obtained in the Housing Part nonpayment proceeding by utilizing the Lien Law to sell the shares allocable to Ms. Travis’s apartment and thereby establishing a basis for terminating the tenant’s lease and evicting her, when possession could not be obtained in the Housing Part based on that judgment.
The Landlord May Not Enforce the Monetary Judgment by Selling the Tenant’s Shares
Having reviewed the memoranda of law submitted by both sides and the cited statutes and cases, this court finds that the landlord may not enforce its monetary judgment in this way. As Ms. Travis persuasively argues, such a result is contrary to the protections afforded her by CPLR 5206 which exempts certain homes from the reach of creditors. Subdivision (a) of that statute provides in relevant part that:
“Property of one of the following types, not exceeding fifty thousand dollars in value above liens and encumbrances, owned and occupied as a principal residence, is exempt from application to the satisfaction of a money judgment, unless the judgment was recovered wholly for the purchase price thereof:
“1. a lot of land with a dwelling thereon,
“2. shares of stock in a cooperative apartment corporation,
“3. units of a condominium apartment, or “4. a mobile home.”
The statute strikes a fair balance by preventing the loss of one’s home based on a fairly nominal sum of money without *754 extinguishing the creditor’s lien. (See Carman v European Am. Bank & Trust Co., 78 NY2d 1066, 1068 [1991].) As aptly stated by Judge Fuchsberg when describing the companion exemption for certain personal property codified in CPLR 5205: “From its inception, this statute — along with its venerable antecedents— has embodied the humanitarian policy that the law should not permit the enforcement of judgments to such a point that debtors and their families are left in a state of abject deprivation” (Matter of State of New York v Avco Fin. Serv. of N.Y., 50 NY2d 383, 387 [1980] [citations omitted]).
Both the express terms of the statute and the public policy directly apply here. At issue are the shares of stock in the respondent cooperative apartment corporation, 29-33 Convent Avenue HDFC, which are allocable to Ms. Travis’s apartment. And it is undisputed that Ms. Travis owns and occupies the apartment as her primary residence. On the issue whether the apartment exceeds $50,000 in value, the relevant value is the shareholder’s “equity interest” (i.e., the value above liens and encumbrances) and the burden is on the corporation seeking to sell the shares to establish that the value of the apartment exceeds the exemption amount. (Lambs, Inc. v Diven, 2001 NY Slip Op 40700[U] [Civ Ct, NY County 2001, Billings, J.].) Here, the landlord corporation has presented no evidence whatsoever to establish the tenant’s equity interest in the apartment, even though given an opportunity to do so after the tenant raised the issue. And it is highly unlikely that the interest exceeds $50,000, given that all purchasing shareholders must meet the low income requirements of the Private Housing Finance Law and considering also that the corporate bylaws strictly limit the amount which Ms. Travis may receive as profit upon the sale of her shares. (See exhibit 5 to landlord’s cross motion, corporate bylaws, art XV, § 2.)*
The landlord in its opposition papers makes no attempt to directly address the protections which the statutory homestead exemption provides to Ms. Travis in this case. Instead, counsel argues different points, none of which suffices to counter the exemption or is otherwise persuasive. For example, the landlord disputes the authority of this court to consider whether the Civil Court money judgment may be enforced via a sale of cooperative shares which will lay the groundwork for the tenant’s *755 eviction, contending that the tenant’s eviction is not at issue in this case and is purely “hypothetical” (landlord’s mem at 2). The argument is absurd. Proprietary lease, article VII, § 7.01 (a) (attached as exhibit 1 to cross motion) expressly states that the corporation may terminate the tenant’s lease if the tenant-shareholder ceases to hold the shares, making the issue a very real one. Similarly absurd is the claim that Lien Law § 201-a limits this court’s power to the reduction or cancellation of the lien if the amount asserted is proven incorrect. This court has broad equitable jurisdiction to determine the issues raised by Ms. Travis in her petition, including her request for a permanent injunction barring the sale of her shares.
Equally unavailing is the landlord’s reliance on cases such as Hollyrood Park Assoc. v Dingman (57 AD2d 1053 [4th Dept 1977]) and 2025 Walton Ave Corp. v Taylor (NYLJ, Nov. 14, 1991, at 25, col 1 [App Term, 1st Dept]) to argue that attorney’s fees, when described in the lease as “additional rent,” may serve as a basis for eviction where, as here, the apartment is not subject to rent regulation. As Judge Lau stated in her decision, the parties did not characterize the attorney’s fees as additional rent in their stipulation, and “in the absence of any specific stipulated language to the contrary,” the landlord cannot now treat those fees as additional rent.
Wholly inapposite is the case of Kralik v 239 E. 79th St. Owners Corp. (5 NY3d 54 [2005]), relied upon by the landlord. Contrary to the landlord’s claim, this court is not ignoring the controlling corporate documents, i.e., the bylaws and proprietary lease. Rather, as the Kralik court expressly condoned (at 59), this court is construing those documents “subject, of course to applicable statutory and decisional law.” This court is not vacating the $3,500 money judgment which the landlord obtained against Ms. Travis in Civil Court. Nor is this court vacating the landlord’s lien on Ms. Travis’s shares based on that judgment. Rather, the court is limiting the landlord’s right to enforce that hen by exempting the shares from sale pursuant to CPLR 5206 and decisional law.
Accordingly, it is hereby ordered and adjudged that the petition is granted to the extent of permanently enjoining 29-33 Convent Avenue HDFC from forcing a sale of the cooperative shares held by petitioner Daveda Travis to enforce the $3,500 money judgment obtained in Civil Court, and the landlord’s cross motion is denied.

 CPLR 5206 (e) suggests that when the value does exceed $50,000, the creditor should file a petition in court before proceeding with any sale, which the landlord has not done in this case.