CONVENTION PLAZA III, LLC, Respondent-Appellant, v SENECA SPECIALTY INSURANCE COMPANY, Appellant-Respondent. [48 NYS3d 357]—

Order, Supreme Court, New York County (Joan M. Kenney, J.), entered July 1, 2016, which denied the parties' respective motions for summary judgment, unanimously modified, on the law, to grant defendant's motion, and otherwise affirmed, without costs. The Clerk is directed to enter judgment dismissing the complaint.

Since this case does not involve a loss by fire or theft, the "Commercial Protective Safeguards" endorsement is inapplicable (*see* Insurance Law § 3106 [b]; *Anjay Corp. v Those Certain Underwriters at Lloyd's of London Subscribing to Certificate No. HN01AAF4393*, 33 AD3d 323, 324 [1st Dept 2006]).

However, defendant established prima facie that the "Heat Condition" endorsement is applicable. That endorsement states that loss caused by leaks or flows of water or other liquids from building systems or equipment caused by or resulting from freezing is excluded "unless . . . [y]ou maintain heat *in the building or structure* at a minimum of 55 degrees Fahrenheit" (emphasis added). Defendant submitted two expert affidavits stating that the freezing water was caused by the fact that the HVAC rooftop units were turned off, and the baseboard heaters alone could not keep the internal temperature of the premises above freezing during the cold period before the January 17, 2014 loss, and indeed that the baseboard heaters could not have maintained a minimum internal temperature of 55 degrees Fahrenheit based on the premises' electrical consumption from December 23, 2013 to January 27, 2014.

In opposition, plaintiff submitted no expert affidavits, and, even considering the affidavit by the person hired to check on the premises, it failed to raise an issue of fact. That person's assertion that before the incident in question he "had never observed any significant change in temperature" contradicts the testimony he gave at his examination under oath (*see Telfeyan v City of New York*, 40 AD3d 372 [1st Dept 2007]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Renwick, J.P., Mazzarelli, Moskowitz, Kapnick and Webber, JJ.